ORANGE,
*February,*
1838.

The Town of BROOKFIELD *v.* The Town of HARTLAND.

Under tho statute of 1817, in order to change the settlement of a pauper, by residence of seven years, the residence must be by one *sui juris.*

Hence, if a woman reside six years with her husband, and five years, after his decease, in the same town, this is not a residence of *seven* years, within the meaning of the statute.

THIS was an appeal from an order of removal of Phebe Hatch, from Brookfield to Hartland.

Plea, that she was unduly removed.

Upon the trial in the county court, the following facts were proved. In March, 1818, Justus Hatch, the husband of said Phebe, had his legal settlement in Hartland, and there resided with said Phebe, his wife. On the 20th of March, 1818, he went to Roxbury, taking with him some farming tools and provisions, and there commenced farming, leaving said Phebe keeping house with his family in Hartland. On the 20th of June, 1818, he removed the said Phebe and family to Roxbury, where he and they continued to reside until the 20th of May, 1825, when he removed with his family to Brookfield, and he and his family resided there until he died, on the 8th of October, 1831. The said Phebe was endowed of land, of which the said Justus died seized in said Brookfield, and resided there after her husband's death, until she became chargeable to said Brookfield. She supported herself until she sold her dower, and became chargeable in November, 1836.

Upon these facts, the county court rendered judgment, that said Phebe was duly removed, and the defendants excepted.

*Asa Aikens,* for defendants.

The defendants insist that the residence of Phebe Hatch is in no way affected by the first clause of the statute relating to legal settlements. *Residence* is a matter of *fact, settlement* a conclusion of law.

A legal settlement is given, by the 8th clause of the statute, to every person who resides seven years in a town. But, by the first clause, it is supervened by a derivative settlement, accorded to any married woman, whose husband has a settlement, *to prevent* her being separated from him.

Where this reason can no longer operate, the legal effect of her *own residence* becomes available to her, the same as

ORANGE,
February,
1838.

Brookfield
v.
Hartland.

her *maiden* settlement does, where the husband dies without having *had* or *acquired* a settlement of his own.

A maiden settlement is not *extinguished* by coverture, but its operation is *suspended* by it, till a new settlement be acquired through the husband.

*Wm. Hebard,* and *L. B. Peck,* for plaintiffs.

1. The husband of the pauper, having a settlement in Hartford, at the time of his removal to Roxbnry, the pauper's settlement continues *there,* unless a settlement has been subsequently acquired in some other town, in the right of her husband, or in her own right. 1 Ld. Raymond, 133. 2 Swift's Dig. 822, 824.

2. No settlement was acquired in Roxbury. The residence in that town, for the purpose of gaining a settlement under the act of 1817, must be regarded as having commenced on the 20th of June of that year, the day on which Hatch moved his family into the town. In that case, he did not reside seven years in Roxbury, he having moved to Brookfield in May, 1825. If, however, his residence in the former place is considered as commencing on the 20th of March, it did not confer a settlement, as his name was not registered in the town clerk's office, as required by the proviso to the first section of the act of Nov. 4, 1817.

3. Hatch not having gained a settlement in Brookfield, at the time of his decease, the pauper, of course, acquired none. She cannot tack her residence, in her own right, to that of her husband's, but must be able to make a complete settlement in the one right or the other. *Barnet* v. *Concord,* 4 Vt. R. 571. *Brookfield* v. *Hartland,* 6 id. 401. *The Inh. of Athol* v. *The Inh. of Waterton,* 7 Pick. 42.

The opinion of the Court was delivered by

REDFIELD, J.—In this case, the only question to be determined is, whether the pauper, Phebe Hatch, having resided in Brookfield more than seven years since the passing of the act of 1817, gained a legal settlement thereby. She did, unless her having been under coverture, some portion of the time, prevented it.

It was intimated in *Barnet* v. *Concord,* 4 Vt. R. 564, and again in *Brookfield* v. *Hartland,* in relation to this same pauper, 6 Vt. R. 401,—that such residence was not sufficient

to gain a settlement.    The court are now of the same opinion.

It is true that the terms of the statute are general;—" *Any* person of full age."    But it is further added "*who shall reside* and *maintain* himself or herself."    Now, it could not well be said that a married woman living with her husband had any personal residence.    She being a part of her husband's family, like his children, takes that of her husband. But this is merely a derivative, and not an original independent, personal *residence*.    And with no propriety could she be said to *maintain* herself.

The wife, in contemplation of law, is almost lost in the person of the husband.    She can do almost no act, except as his servant, and even his crimes are in many instances imputed to his coercion.    And in regard to settlement acquired by residence, it has been held that the residence must be continuous and *sui juris*.    It follows, then, that the residence, previous to the decease of the husband, cannot be tacked to that of the pauper, since his decease.

The same doctrine was held in relation to settlement acquired by residence under the act of 1802.    And the forty days residence, required by the English statute, in order to gain a settlement in any parish, the resident renting a ten pound tenement, although not required to be continuous, must be *sui juris*.    14 Petersdorff, 496.    *Rex* v. *Inhabitants of Ashton* under Lyne, 4 M. & S. 357, and *Rex* v. *St. George the Martyr*, 7 T. R. 461.

The order of removal was properly made and the judgment of the county court is, affirmed.