## ST. JOHNSBURY & LAKE CHAMPLAIN RAILROAD COMPANY v. ANDREW J. WILLARD.

*Railroad Companies. Land Damages. Estoppel.*

In 1869, T. mortgages to B. In 1871, the mortgagor being still in possession, but the mortgage overdue, the E. C. R. R. Co., under some arrangement with the mortgagor, constructed its road across the premises. In 1880 the petitioner succeeded to the rights of the E. C. R. R. Co. In 1864 H. was in adverse possession of a portion of the premises, and continued in such possession until he acquired title, which title he conveyed to the E. C. R. R. Co. before the petitioner succeeded to its rights. In 1883 the defendant became the owner of this mortgage, foreclosed it against the mortgagor and the petitioner, and was put in possession, by virtue of a writ of possession, in 1886. Thereupon the petitioner brought this bill to condemn the land. *Held,*

1. That the petitioner was estopped from setting up in this suit the title derived from H., inasmuch as that question might have been adjudicated in the foreclosure suit.

2. That the defendant was not entitled, by way of damages, to the improvements put upon the land by the construction of the railroad across it, but only to the actual damage done the premises by such construction, with interest from the date when the petitioner went into possession.

Petition for the appointment of commissioners. Heard on commissioners' report at the June term of the Caledonia County Court, 1886, Ross, J., presiding. Judgment for the defendant to recover of the petitioner the sum of $60, with interest from July 1st, 1880. Exceptions by the defendant.

The commissioners reported that the value of the entire $5\frac{1}{4}$ acres taken for railroad purposes was, at the time of the hearing in 1885, $125 ; that the value of the smaller parcel, being the $5\frac{1}{4}$ acres less the $3\frac{1}{4}$ acres conveyed by Hovey, was $60, and that the value of both parcels was the same July 1st, 1880, when the petitioner took possession.

*A. J. Willard, pro se.*

1. The commisioners have no jurisdiction to determine the title to the premises. *Central Vt. R. R. Co. v. Woodstock R. R. Co.*, 50 Vt. 452, 459. The petitioner is estopped by the foreclosure proceedings.

Railroad Company *v.* Willard.

2. When the decree in those proceedings became absolute the petitioner lost all its rights of all kinds in the premises, and the defendant was entitled to recover as damages the value of the premises as they stood, including the betterments, at the time of the appraisal in 1885. *Merriam* v. *Brown*, 128 Mass. 391.; *United States* v. *Land in Monterey Co.*, 47 Cal. 85; *Hunt* v. *Mo. Pac. Ry. Co.*, 76 Mo. 115; *Preston* v. *Briggs*, 16 Vt. 124; *Graham* v. *Con. &c. R. R. Co.*, 36 Ind. 463; *Van Size* v. *R· R. Co.*, 3 Hun. 613; *King* v. *R. R. Co.*, 32 Minn. 224; *Dupuis* v. *C. & N. W. Ry. Co.*, 3 N. E. R. 720; *Russell* v. *Ry. Co.*, 33 Minn 210; *Buel* v. *Freeport R. R. Co.*, 111 Ill. 499.

*S. C. Shurtleff*, for petitioner.

The land owner could only have recovered actual damages. If, under the statute, the defendant is entitled to damages at all, it is only to his actual damages, and not to the improvements made by the railroad company. *Severin* v. *B. C. R. & M. R'y Co.*, 38 Iowa 463; *Preston* v. *R. R. Co.*, 7 S. W. R. 825; *Kennedy* v. *R. R. Co.*, 22 Wis. 581; *R. R. Co.* v. *Hays*, 5 Tex. Law Rev. 771; *Justice* v. *R. R. Co.*, 87 Pa. St. 28; *Morgan's Appeal*, 39 Mich. 679; *Dietrich* v. *Murdock*, 42 Mo. 279; *Lyon* v. *R. R. Co.*, 42 Wis. 539; *R. R. Co.* v. *Canton*, 30 Md. 354; *R. R. Co.* v. *Armstrong*, 46 Cal. 90; *R. R. Co.* v. *Dunlap*, 47 Mich. 456; *R. R. Co.* v. *R. R. Co.*, 7 Pac. Rep. 123; *Hendry* v. *R. R. Co.*, 24 Am. & Eng. R. R. Cas. 287; *Daniels* v. *R. R. Co.*, 41 Iowa 52; *Wayner* v. *R. R. Co.*, 22 Ohio St. 576; *Jones* v. *R. R. Co.*, 70 Ala. 228.

The opinion of the court was delivered by

ROWELL, J. In 1869 Trudell mortgages to Brown. In 1871, the mortgage being overdue, but the mortgagor being still in possession, The Essex County Railroad Company, by virtue of some arrangement with the mortgagor, the terms of which do not appear, and with the knowledge of the mortgagee, but, as far as appears, without any agreement with him, enters upon the land in question, and surveys, locates, and constructs its railroad

across the same, and puts it in operation. In 1864 Hovey is in adverse possession of $3\frac{1}{4}$ acres of the $5\frac{1}{4}$ acres in question, parcel of the mortgaged premises, and continues in such possession until he thereby acquires title thereto, which title he conveys to The Essex County Railroad Company ; all which is after the execution of the mortgage, and before The St. Johnsbury & Lake Champlain Company succeeds to the rights, title, and privileges of The Essex County Company, on July 1st, 1880, and goes into the possession and operation of the road. In 1883 the defendant becomes the owner of the mortgage, and forecloses it against the mortgagor and The St. Johnsbury & Lake Champlain Company, and obtains a final decree in December, 1884, and is put into possession in February, 1886, by virtue of a writ of possession, whereupon The St. Johnsbury & Lake Champlain Company brings this petition to condemn the land.

No question is made in argument as to the validity of the original mortgage in respect to the $3\frac{1}{4}$ acres, on the ground that at the time of the execution of the mortgage they were in the adverse possession of Hovey, but the question of the defendant's right to damages therefor is left to stand upon the effect of the decree irrespective of that consideration, and the question is, Does that decree, excluding that consideration, estop the petitioner from now setting up the title acquired from Hovey? The petitioner does not really claim that it does not. It certainly does if the validity of that title could have been litigated in the foreclosure suit. And it could have been, for as the original validity of the mortgage as to this land is not questioned, the case stands in this behalf, and perhaps would stand any way, like the ordinary case of a title acquired after the execution of a mortgage that extinguishes the mortgage lien, and such title may be the subject of adjudication in a suit to foreclose. *Wilson* v. *Jamison*, 36 Minn. 59 ; s. c. 1 Am. St. Rep. 635, with note.

The remaining question relates to the amount of damages.

The defendant claims that inasmuch as his decree became absolute, it was effective to give him the title to the *corpus* of the railroad itself, and that in this proceeding he is entitled to its

value as damages, as well as to the value of the land taken for its construction. He also claims that The Essex County Company was a trespasser when it entered and constructed its road, and invokes the doctrine of the common law, that structures placed upon land by a trespasser enure to the benefit of the owner of the land.

But the company was not a trespasser as to either the mortgagor or the mortgagee. Not as to the mortgagor, for he consented to the entry and construction of the road. Not as to the mortgagee, for as to third persons, a mortgagor in possession is regarded as the owner, and the mortgagee as having only a lien or security. *Cooper* v. *Cole*, 28 Vt. 185.

The effect of the decree of foreclosure was, to cut off the right of redemption and thereby convert defendant's conditional title into an absolute title ; but in other respects the rights of the parties were left to be determined by the deed. *Carpenter* v. *Willard*, 38 Vt. 9.

Hence, as far as defendant's title is concerned, the case stands as it would had the mortgage been an absolute deed when it was given, with the mortgagor's consent to entry and construction effective to shield the company from being a trespasser as to any one.

It comes to this then. A railroad company, instead of exercising its right of condemning land for its road, enters upon it by consent of the owner and constructs its road, but never acquires title nor pays for the land damages nor makes any agreement in respect thereto, and with matters standing thus, operates its road for more than fifteen years without objection by anyone, and now for the first time institutes proceedings to have the land condemned to public use.

In the circumstances it is clear that the owner is not entitled to the improvements, and cannot have their value as damages. He has no claim in justice to have expenditures for such a purpose enure to his benefit. He is entitled to be paid the damage he has sustained, and nothing more. The maxim, *quicquid*

*plantatur solo, solo cedet,* does not apply. That maxim has always had exceptions, and they increase with the ever-varying necessities and exigencies of society.

The improvements in question were made for a public use by one lawfully in possession with the right to condemn to such use at any time; and herein lies the distinction between this case and *Price* v. *Weehawken Ferry Co.,* 31 N. J. Eq. 31, relied upon by the defendant. In that case the company had no right to take the land on compensation, and the court said that therefore the maxim above referred to applied, but said it does not apply when the right to take exists. *North Hudson R. R. Co.* v. *Booream,* 28 N. J. Eq. 454; *Cf. Justice* v. *Nesquehoning Valley R. R. Co.,* 87 Pa. St. 28, and *Jones* v. *New Orleans & Selina R. R. Co.,* 70 Ala. 227.

*Judgment reversed, and judgment for the defendant for* $125 *and interest thereon from July* 1, 1880, *the time when the petitioner took possession.*