TOWN OF MARSHFIELD v. TOWN OF TUNBRIDGE..

*Pauper.　Minor does not acquire residence under s. 13, No. 42, Acts of 1886.*

Unemancipated minors, living with and supported wholly or in part by their parents, do not acquire a residence by which a town can be charged with their support as paupers under the law of 1886.

This was an action brought by the town of Marshfield to recover of the town of Tunbridge for money expended by the plaintiff in caring for certain paupers claimed to be chargeable upon the defendant. The case was heard at the March Term,. 1890, Powers, J., presiding, upon an agreed statement of facts. Judgment *pro forma* for the defendant; exceptions by the plaintiff.

The agreed statement was as follows :

"William A. Ashley with his wife Arminda and two minor daughters, Emma and Lillian, moved from Washington, Vt., to Tunbridge, Vt., May 30, A. D. 1883. William A. Ashley resided in Tunbridge from this date until his death, April 21, A. D. 1884, and during said time maintained himself and family. His widow, Arminda Ashley, with the two children, Emma and Lillian, continued to live in Tunbridge. until March 25, 1887,. without expense to any town, when they moved to Sharon, Vt., and have not since resided in Tunbridge. Lillian, the oldest of the two children, became eighteen years of age Nov. 11, 1886..

About the first of September, A. D. 1888, Mrs. Arminda Ashley and her daughter Emma went to one Frank White's in Marshfield, on a visit, he being a relative, and Emma was taken sick with diphtheria at his house. Lillian came to White's to assist in taking care of Emma, and she was attacked by the same disease. White applied to the town of Marshfield through the overseer of the poor, Daniel R. Loveland, for assistance in caring for the said Emma and Lillian. Loveland gave notice to the overseer of the town of Tunbridge, September 12, 1888, that Emma and Lillian Ashley were sick at Marshfield and under his care and in destitute circumstances, and that the town of

Marshfield would look to the town of Tunbridge for the expense of caring for the said Emma and Lillian. The notice may be referred to.

The said Emma and Lillian were transient persons within the meaning of the statute, so far as the town of Marshfield is concerned.

The town of Marshfield expended in the care of the said Emma and Lillian the sum of three hundred and seventy-two dollars and thirty cents (372.30). Orders were drawn amounting to this sum and accepted by the treasurer of said town about December 20, 1888, and it is agreed that if the plaintiff is entitled to recover, without reference to the date or service of the notice, judgment should be rendered for the above sum. The notice is dated September 8, and was served September 12. At the date of the notice the town had expended $26 and at the time of the service of the notice $74. If the plaintiff is entitled to recover only after the date of said notice or after service, then said sum of $372.30 is to be diminished by the amount expended before the date of service of said notice or at any time before liability attached to the defendant."

*S. C. Shurtleff*, for the plaintiff.

The paupers having actually resided in the defendant town for three years without receiving aid in their support from the town acquired a residence there. Otherwise a minor can never be other than a transient pauper.

*Wing & Fay*, for the defendant.

These paupers could acquire no derivative residence, for there is no such thing under the present law. Neither can a minor gain a residence, for he is not capable of exercising an intention. They were accordingly transient. *Brookfield* v. *Hartland*, 10 Vt. 424; *Hartford* v. *Hartland*, 19 Vt. 392; *Poultney* v. *Glover*, 23 Vt. 328; *Worcester* v. *East Montpelier*, 61 Vt. 139.

The opinion of the court was delivered by

TYLER, J. The only question presented by the agreed statement is, whether these minors, while living with their parents and subject to their parents' control, gained a residence in their own right in defendant town. Section 13, act 42 of the laws of

Marshfield v. Tunbridge.

1886, is as follows : " For all purposes under this act the residence of a person shall be in the town in which he last resided for the term of three full years, maintaining himself and family."

Although the former pauper law was repealed by the act referred to, resort may properly be had to the decisions under it for the purpose of ascertaining the legal signification of the term " residence," which is employed in both laws.

It was held in *Ryegate* v. *Wardsboro*, cited by Aldis, J., in *Brownington* v. *Charleston*, 32 Vt. 411, that a person *non compos* could not be said to go to a town to reside, that the *animus manendi* could not be predicated of him; and in *Westmore* v. *Sheffield*, 56 Vt. 239, that a person must have the mental capacity or power to form an intention and to have a choice and desire as to his place of abode.

Under the old law a married woman, living with her husband, could not acquire an independent, personal residence, and while thus living she could not be said to maintain herself. *Brookfield* v. *Hartland*, 10 Vt. 424. By parity of reasoning we hold that unemancipated minors, living with and maintained wholly or in part by their parents, do not come within the purview of the section above quoted. They reside in a town by reason of the intention and choice of their parents and not their own voluntary choice. They are not in the exercise of the volition that is essential to the acquiring of a residence in their own right, and they cannot be said to *maintain* themselves.

*Judgment affirmed.*