## TOWN OF DANVILLE *v.* TOWN OF HARTFORD.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed August 24, 1901.

*Pauper law—Choice or intention an element of residence—No derivative residence under pauper law*—A daughter, who by reason of feeble-mindedness was unemancipated during the life of. her parents and of the survivor of them, and who was and remained incapable of choice or intention in respect to residence, acquired no residence in her own right, and could have under the pauper law no derivative residence.

*Pauper law—Head of family the pauper on account of assistance to a member*—The head of a family received necessary assistance from a town in the support of an unemancipated child. The head of. the family and not the child was the poor person in need of and receiving assistance.

*Pauper law—Voluntary change of residence by pauper under law in force in 1883*—The head of a family, assisted by the defendant town in the support of her unemancipated daughter, voluntarily and without the procurement of the defendant town, moved, with such daughter, in 1883, to the plaintiff town to reside, and from that time there resided until her death in July, 1886. There being no order of removal, and it not appearing that there could have been one, the defendant town was under no legal duty to support the mother or unemancipated daughter in the plaintiff town.

*Pauper law—Liability for support of pauper not created by support without liability*—By assisting a pauper in the plaintiff town, when under no legal obligation to do so, the defendant town did not subject itself to liability for continued support of the pauper, when the plaintiff town had lost no rights by such course on the part of the defendant town.

ACTION by the plaintiff to recover of the defendant for the support of a pauper. Caledonia County, December Term, 1900. On an agreed statement of facts the court, *Taft,* C. J., presiding, *pro forma* and without hearing, rendered judgment for the plaintiff. The defendant excepted.

*Dunnett & Slack* for the plaintiff.

*William Batchelder* for the defendant.

START, J.   It appears, that the pauper has, from child-hood, been of weak mind and incapable of exercising any choice or intention in regard to her place of residence, and, for this reason, during the life of her parents, remained un-emancipated; that her father, for many years prior to his death in 1864, resided in the defendant town, supporting himself and family; and that, after the father's death, the pauper resided with her mother until the death of her mother in July, 1886. It does not appear that the mother ever resided in any town in the state for three years, maintaining herself and family; but it does appear, that, from 1879 to the time of her death, she was assisted, as the head of her family, by the defendant in the support of the pauper.   In 1883, the mother, while residing in the defendant town, removed, with the pauper, to the plaintiff town, intending to reside there permanently, and did reside there until her death.   After the death of the mother, the pauper remained with her sister in the plaintiff town, and the defend-ant paid for her support for several years, when it refused to further support her.   Sometime in 1892, the plaintiff assumed her support and continued to provide for her for several years, when it refused to support her and called upon the defendant to do so.   In 1895, the defendant again assumed the support of the pauper and provided for her until March, 1899, when it again refused to furnish support.   Since then, the pauper has been provided for by the plaintiff.

The pauper being unemancipated during her stay in the defendant town, she never resided in that town within the meaning of the pauper law of 1886, and the defendant is not chargeable with her support by reason of her stay in that town. *Marshfield* v. *Tunbridge,* 62 Vt. 455.   And the defendant is not liable by reason of the residence of the pauper's father.   He

was never a poor person in need of assistance. He died long before the pauper came to want. She having no residence in her own right, no action could be maintained by a town for her support, unless she was a member of a family then in existence, the head of which was in need of assistance for himself and family. The pauper act does not provide for a derivative residence. *Fairfax* v. *Westford,* 67 Vt. 390. And the defendant is not under a legal duty to support the pauper by reason of the residence of her mother in the defendant town when assistance was first furnished by the defendant. The pauper being unemancipated at that time, she was not a poor person in need of assistance for herself and family. It was her mother who was the poor person in need of assistance, and to whom assistance was furnished. It appearing, that, when the mother removed from the defendant town with the pauper she went to the plaintiff town to reside, she was not a transient person in the plaintiff town; and, at that time, there being no order of removal, the defendant was under no legal duty to support her in that town, or her unemancipated daughter. *New Haven* v. *Middlebury,* 63 Vt. 399. If the act of 1892, which provides for an action when the pauper has not resided in the town furnishing the support for three years, supporting himself and family, is considered retroactive, the defendant is not liable by reason of the mother's residence in the defendant town; for it does not appear that she ever resided in that town for three years, maintaining herself and family. When the action is dependant upon the residence of the head of the family, the residence must have been for three years, supporting himself and family. V. S., s. 3171.

This brings us to the consideration of the effect of the action of the defendant in furnishing support for the pauper. It does not appear that the pauper's father had a legal settlement in the defendant town, nor does it appear that the mother

had a settlement in any town in this state so that the pauper could have been removed under the laws in force at the time the mother went, with the pauper, to the plaintiff town to reside. It not appearing that the pauper was subject to removal, the plaintiff has lost nothing by the defendant's support of the pauper. On the contrary, the plaintiff was benefited to the extent of the support furnished. It not appearing that the defendant had anything to do with the removal of the pauper, it must be taken that the pauper, as a member of her mother's family, went voluntarily, and without the procurement of the defendant, to the plaintiff town; and that the only act of the defendant from which it is claimed that a liability arises, was its contribution to the pauper's support in the plaintiff town when it was under no legal duty to do so. When the mother resided in the defendant town, the defendant was under a duty to support the pauper as a member of her mother's family; but, when the mother moved to the plaintiff town, taking the pauper with her, that duty no longer rested upon the defendant, and it became the duty of the plaintiff to provide for the pauper, and the fact that the defendant at times contributed to the support of the pauper does not render it legally chargeable for her support. This case is distinguishable from the case of *Leicester* v. *Brandon,* 65 Vt. 544, and *Sandgate* v. *Rupert,* 67 Vt. 258. In those cases it was found, or inferred, that the pauper went to the towns furnishing the support by the procurement of the defendant. The case at bar is more like the cases of *Worcester* v. *East Montpelier,* 61 Vt. 138, and *Chittenden* v. *Barnard,* 61 Vt. 145.

In *Chittenden* v. *Barnard,* the pauper had a legal settlement in Barnard and had resided there and been supported by that town. He went to Stockbridge and was there ordered to remove to Barnard. He then went to Chittenden and there came to want. Barnard was notified and assumed the burden of his

support, and provided for him in the town of Chittenden from April 1, 1884, to March 1, 1887, and then refused to further provide for him; and it was held, that, under the pauper act of 1886, Chittenden could not recover of Barnard for the pauper's support. In *Worcester* v. *East Montpelier,* the pauper, who had a settlement under the old pauper law in East Montpelier, was supported by East Montpelier in the town of Worcester from sometime in 1881 until the pauper act of 1886 took effect. East Montpelier then notified Worcester that it would not support the pauper, and it was held that no recovery could be had for support thereafter furnished. See, also, *South Burlington* v. *Worcester,* 67 Vt. 411.

*The pro forma judgment is reversed and judgment rendered for the defendant to recover its costs.*