TOWN OF JERICHO *v.* TOWN OF MORRISTOWN.

January Term, 1905.

Present:    ROWELL, C. J., TYLER, MUNSON, START, WATSON, and
HASELTON, JJ.

Opinion filed March 9, 1905.

*Paupers—Married Woman—Derivatives—Residence.*

A person cannot acquire a residence, within the meaning of our pauper
law, unless he is *sui juris.*

A married woman who lives with her husband in a town where he
last resided for three years, supporting himself and family, does
not thereby gain a residence in such town in her own right, nor
derive one from her husband, so as to make such town liable to
another town in which she lives for support furnished her as a
pauper after the death of her husband.

ASSUMPSIT to recover for the support of a pauper. Plea,
the general issue. Judgment, *pro forma,* for the plaintiff on
an agreed statement of facts, at the September Term, 1904,
Chittenden County, *Haselton,* J., presiding. The defendant
excepted. The agreed statement alleges that the pauper was
born in Illinois in 1860; that she came to Jericho, Vt., in
1881, and lived there with her parents till her marriage in June,
1887; that then she lived with her husband in said Jericho till
December, 1896, when they both removed to Morristown;
where they lived together till he died in February, 1900; that
her husband had always supported himself and family; that
she has remained a widow since his death; that she continued
to reside in Morristown till April, 1900; that since then she
has lived in several different towns in this State, but has re-
sided a year in no one town; that in July, 1903, she moved into
the town of Jericho, and in the same month became needy and
was assisted by the plaintiff.

*Frederick G. Fleetwood* for the defendant.

The residence must be continuous and *sui juris. Brookfield* v. *Hartland,* 10 Vt. 424; *City of Montpelier* v. *Elmore,* 71 Vt. 193.

There is no such thing as a derivative residence under our pauper law. *Fairfax* v. *Westford,* 67 Vt. 390; *Danville* v. *Hartford,* 73 Vt. 300.

*L. F. Wilbur* for the plaintiff.

The pauper and her husband acquired a residence in Morristown, and her residence so acquired continues after his death till she acquires another. *Bethel* v. *Tunbridge,* 13 Vt. 446; *Royalton* v. *West Fairlee,* 11 Vt. 438; *Dalton* v. *Bernardston,* 9 Mass. 201; *Lake District Overseer* v. *So. Canaan Overseer,* 87 Pa. St. 19; *Stamford* v. *Readsboro,* 46 Vt. 611; *Buffalo* v. *Whitedeer,* 15 Pa. 182; *Hebron* v. *Colchester,* 5 Day 169; *Danby* v. *New Haven,* 5 Conn. 584; *Wells* v. *West Haven,* 5 Vt. 325; *Dedham* v. *Natick,* 16 Mass. 140; *Exeter* v. *Richmond,* 6 R. I. 149; *Kelly* v. *Owen et al.* 7 Wall. 496.

Rowell, C. J. The question is, whether a married woman who lives with her husband in a town where he last resided for the space of three years, supporting himself and family, thereby gains a residence in such town within the meaning of the present pauper act, so as to make such town liable to another town in which she lives, for support furnished to her as a pauper after the death of her husband.

The plaintiff maintains the affirmative of this question on two grounds; (1) that a married woman thus living with her husband thereby gains a residence in her own right; (2) that if this is not so, then by the common law, which, it is claimed,

is not changed by the present act, she derives her husband's residence in such town.

As to the first ground.   Neither at common law nor under our old settlement act could one gain a settlement by residence unless he was *sui juris;* and as a married woman is not *sui juris,* but under the disability of coverture, she could not thus gain a settlement in her own right.   *Wells* v. *West Haven,* 5 Vt. p. 325; *Brookfield* v. *Hartland,* 10 Vt. 424.   The same thing has been held under our present act in respect of unemancipated minor children for the same reason, and because they cannot be said to support themselves within the meaning of the act.   *Marshfield* v. *Tunbridge,* 62 Vt. 455, 20 Atl. 106; *Danville* v. *Hartford,* 73 Vt. 300, 50 Atl. 1082.

Under our old settlement act, one must not only have resided in the town the requisite time to gain a settlement by residence, but must have "maintained himself or herself;" and force was given to this last requirement in *Brookfield* v. *Hartland,* where it is said that a married woman living with her husband can with no propriety be said to maintain herself. And this is as true of a married woman under the present act as it was under the old act, and as it is of unemancipated minors under the present act.

As to the second ground.   We do not regard this as an open question under the present act.   It is settled by *Fairfax* v. *Westford,* 67 Vt. 390, 31 Atl. 847.   There the father of the pauper, who was an imbecile, had a residence in the defendant town, but the pauper had none there in his own right because of nonemancipation.   The father was dead, and the pauper was the poor person in need of assistance for himself, and to whom it was furnished.   Held, that there could be no recovery, because the pauper did not derive his father's residence, and had not acquired one in his own right.   The Court expressly said that he did not take his father's residence, and

that to maintain an action under the present act, it must appear that the poor person to whom, or to whose family, assistance has been rendered, has a residence in the defendant town in his own right.

The same thing is said in *Danville* v. *Hartford,* 73 Vt. 300, 50 Atl. 1082. There the pauper's father gained a residence in the defendant town while the pauper was unemancipated. The Court said that the pauper being unemancipated during her stay in that town, never resided there within the meaning of the statute, and that the defendant was not chargeable by reason of her stay there; and that the defendant was not chargeable by reason of the residence of the pauper's father, for he died long before the pauper came to want, and was never a poor person in need of assistance, and that the pauper having no residence in her own right, no action could be maintained by a town for her support, unless she was a member of a family then in existence, the head of which was in need of assistance for himself or his family; and that the pauper act does not provide for a derivative residence. Cf. *City of Montpelier* v. *Elmore,* 71 Vt. 193, 44 Atl. 71.

We hold, therefore, that a married woman who lives with her husband in a town where he last resided three years, supporting himself and family, does not thereby gain a residence in such town in her own right, nor derive one there from her husband, so as to make such town liable to another town in which she lives, for support furnished to her as a pauper after the death of her husband.

*Judgment reversed, and judgment for the defendant to recover its costs.*