CITY OF MONTPELIER *v.* TOWN OF WORCESTER.

February Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed March 18, 1909.

*Towns—Paupers—Support—Residence—Married    Women—No. 102, Acts 1906—Construction.*

Under No. 102, Acts 1906, providing that a married woman who lives with her husband in a town where he last resided for three years, supporting himself and family, shall be deemed to have gained a residence in that town so as to charge it with her support as a pauper, such derivative residence may be based on a three year period that elapsed before the passage of the act.

GENERAL ASSUMPSIT to recover expenditures for the support of a pauper. Plea, the general issue. Trial by court in the Montpelier city court, *Harvey,* J. Judgment for the plaintiff. The defendant excepted.

*H. C. Shurtleff* for the defendant.

Words in a statute ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied. The language must imperatively require a retroactive construction before it will be given. *Montpelier* v. *Senter,* 72 Vt. 112; *Sturgis* v. *Hull,*

48 Vt. 307; *Chew Heong* v. *United States,* 112 U. S. 536 (778);
*Auffmordt* v. *Rasin,* 102 U. S. 620 (262).

*Frederick P. Carleton* for the plaintiff.

WATSON, J.    It was held in *Jericho* v. *Morristown,* 77 Vt.
367, 60 Atl. 233, that a married woman does not gain a residence
in her own right, nor derive one from her husband, by living
with him in a town where he last' resided for three full years
supporting himself and family, so as to make the town liable to
another town in which she lives for support furnished to her as
a pauper after the death of her husband.    At the session of the
Legislature next after the decision in that case was promulgated,
an Act was passed section one of which reads: "A married
woman who lives with her husband in a town where he last
resided for three full years, supporting himself and family, shall
be deemed to have gained a residence in such town, and such
town shall be liable for her support as a pauper."    By section
two the Act is not to apply to pending suits.    Laws of 1906, No.
102.

Previous to this enactment the alleged poor person in the
case at bar lived with her husband in the defendant town where
he last resided for three full years, supporting himself and fam-
ily, but the assistance for which a recovery is sought was not
rendered until after the Act became operative.    The sole ques-
tion is whether in these circumstances the previous situation of
the alleged poor person gives her a derivative residence by the
law of 1906.    A very similar question was before this Court in
*Worcester* v. *East Montpelier,* 61 Vt. 139, 17 Atl. 842, on the
construction of the pauper law of 1886, the Court saying it was
not whether the Act should be construed to be retroactive in the
sense of affecting the rights and liabilities of towns or individ-
uals in respect of the support of paupers prior to its taking
effect, but whether it should be applied in determining the legal
residence of paupers only to acts and facts subsequent to that
time, or to acts and facts prior, as well.

Section 13 of that Act provided that for all purposes under
the Act the residence of a person should be in the town in which
he last resided for the term of three full years, maintaining him-
self and family.    And the Court said there was nothing to in-
dicate an intention by the Legislature to confine the means of

acquiring a residence to the time subsequent to the taking effect of the Act. The law was held not to be so limited. Yet the provisions of the law there under consideration are no more indicative of an intention to give such unlimited effect than are those of the Act of 1906, beyond the express terms of the latter excluding pending suits from its operation.

In any suit thus excluded the alleged poor person's residence no more rests upon a situation previous to the enactment than it may in suits subsequently brought, as was the one before us. This was within the presumed knowledge of the lawmakers, and no reasonable explanation can be given why the law was expressly made non-applicable in the one case and not in the other, the residence in each being based upon such previous situation, unless a distinction was intended. Had the Legislature intended that such derivative residence should exist only where acquired subsequently to the passage of the law giving it, it may fairly be assumed that the provision limiting its application would not have been confined to pending suits with nothing indicating an intention of further restriction. We think the construction given to the law of 1886 in *Worcester* v. *East Montpelier* should be followed here, and that the derivative residence of a married woman by the Act of 1906 may be based upon her situation prior to the time when the Act took effect.

*Judgment affirmed.*