MIDDLEBURY *vs.* WALTHAM.

If a person comes into a town and resides in a family a few days as a servant hired for no definite time, and is taken sick, the case comes within the third and fourth sections of the act providing for the poor ; and no recovery for expenses can be had of the town where such person has a legal settlement without an order of removal.

This cause was submitted to the decision of the court upon the following statement of facts agreed upon by the parties.

The action is brought on the eleventh section of the pauper law, by Middlebury vs. Waltham, to recover the amount paid by Middlebury for the support of A. P. Everts, wife of Samuel Everts, during her last sickness of which she died. Samuel Everts was born in said Waltham, in which was his legal settlement. He and his wife had separated, and she had lived in Middlebury previous to her last sickness, and in other adjacent towns, living in families for short periods, chiefly in taking care of and nursing sick persons. Doctor Allen, whose family was sick, brought her from New Haven to his house as a hired girl, nurse, &c., to take care of his family for no definite time, and where she lived three or four days and was taken sick of a fever and died. There was no order of removal in the case. Samuel Everts was poor and unable to pay the bill. The town of Middlebury paid Doctor Allen fifty —— dollars and —— cents for her expenses. The town of Waltham had sometime before that paid to Daniel Cole of Middlebury a sum of money for taking care of her during a fit of sickness she had previously had while being in said Middlebury.

The plaintiff contends that the facts in the case bring it within the eleventh section of the act on which the suit is brought, and the defendant contends that to enable the plaintiff to recover there must have been an order of removal.

Now if the court, from a construction of the facts and the law arising therefrom, decide that the plaintiff cannot recover, then there is to be judgment for Waltham for their damage and costs : otherwise there is to be judgment for Middlebury for the amount paid by them to Doctor Allen, interest and costs.

*Doolittle and Wooster for plaintiff.*—Under the eleventh section of the statute no order of removal is necessary.

The description of persons mentioned in the third and eleventh sections is different. All those who come to reside with the view of permanent residence, accompanied by such acts as indicate that intention, as coming with his family, &c., are

referred to in the third section. In such case an order of removal is necessary, and the order is, "to remove with his family and effects." Very different language is employed in the eleventh section. It speaks of transient persons, suddenly taken sick, &c., and confined at any house, indicating no intention of a permanent residence, and may be a traveller or visitor—a mere temporary stay. An order of removal would be of no use, nor would it be necessary. In the present case no examination could be had, as the pauper was not in a condition to be examined—she was taken suddenly sick and deprived of her reason. This sickness operated as a total disability both as to an examination and removal, which disability continued till her death. In such case an order is not necessary and is wholly useless.—Brayton's Rep. 175—*Rutland* vs. *Pawlet*. 1 Vt. Rep. 385—*Burlington* vs. *Calais*. 4 Vt. Rep. 385—*Barre* vs. *Morristown*. 2 Mass. Rep. 547, 564. 5 Do. 244. 3 Vt. Rep. 25—*Essex* vs. *Milton*.

*Phelps and Bell for defendant.*—It is insisted that the facts stated in the record present a case within the fourth and not within the eleventh section of the pauper act.

If so, no action lies without an order of removal. See Middlebury vs. Hubbardton, 1 D. Chip. Rep.

The question is, whether the pauper in this case is to be considered as having "come to reside" in the town of Middlebury within the meaning of the fourth section, or as a transient person within the meaning of the eleventh section of the act.

The term transient denotes transition from place to place, and is applied to an intermediate stage between two termini. It implies an ulterior distinction, and is very properly used in the statute in contradistinction to resident. A domestic servant is to be considered as strictly speaking resident in the place of his service as a part of the family, and not as a transient person—as much resident as other persons are in the place where they carry on their ordinary avocations for a livelihood. In the case of hired male servants, they are considered residents to the purpose of voting, and are uniformly admitted to vote in towns where they have been at service for the requisite period.

The opinion of the court was pronounced by

MATTOCKS, J.—The principal question is, whether the facts in the case stated bring the pauper within 3d and 4th, or 11th

ADDISON
January,
1834.

Middlebury
vs.
Waltham.

section of the act relating to the poor. If within the latter the defendant is entitled to recover; if within the former, the case is with the defendant, as there was no order of removal. Upon this ground, the parties have mainly argued the cause. Yet the plaintiffs have intimated that the sickness of the pauper might enable them to recover under the 4th section. But it was distinctly decided in Londonderry *vs.* Windham, 2 Vt. Rep., that no recovery can be had under the 3d and 4th section without an order of removal; and in Essex *vs.* Milton, 4th Vt. R., this decision is confirmed and extended. The operative words of the 3d section are, " any stranger who shall come to reside." The proper meaning of the word *reside* is, to live in a place; and of *residence*, place of abode.

This woman was brought to Middlebury to Doct. Allen's, " as a hired girl, nurse, &c., to take care of his family for no definite time, where she lived three or four days—was taken sick of a fever and died." Why was not this coming to reside? it was not a visit: it was not a call as she passed through town. She came to serve as a maid servant or help, for no agreed term of time—it might be long or short, depending upon after circumstances. Had she any *animo revertandi*? Where was she minded to return to? Her husband was born in Waltham and had his legal settlement there, but he and his wife had separated, and where he then lived does not appear; and she had lived at Middlebury previous to her last sickness, and other adjacent towns, for short periods. Had she any place where she kept her clothing, or to which she resorted at stated or other periods, and which might be called her home? The case shows no such facts. How long must she have continued to live in Middlebury, following her business of sewing and nursing in families, before she should be considered as residing there? Might she not have been removed at any time after she came into town and began to work out, as well as if she had taken lodgings and took in work as a spinster or seamstress? The eleventh section speaks of " transient persons :" was this person in *transitu* while at Middlebury?

Our learned brother, now of counsel for the defendant, in his definition of the word transient, is not exactly correct. But as the error does not aid his cause, it could not have been intentional: it is noticeable only as a departure from his usual accuracy. He says, " The term transient denotes transition

ADDISON,
January,
1834.

Middlebury
vs.
Waltham.

from place to place, and is applied to an intermediate stage between two *termini*." The word *transeo*, from which transient is derived, means literally to *go over*—the participle of the verb, *transiens* (*going over*)—not stationary : but by no means implying, by strict inference, that there are any *termini* in the *transitio*. *Transeo* but seems to be the opposite of *resideo*, which is to remain, to dwell, to continue ; and a *transient* person does not exactly mean a person on a journey from one known place to another, but rather a wanderer ever on the tramp. All persons are to be considered as coming within the third and fourth, or the eleventh section ; and perhaps visiters and travellers will comprehend most of those that should be included in the eleventh ; and those with families, who remove with them into a town, and those without, who go with a view to follow their business, leaving no home to return to, or exhibiting no indication of an intention speedily to return, if they have one, may be considered as coming under the third and fourth sections.

The case at bar seems to be that of a poor person who had no home of her own, gaining her living by laboring in the families of others, as she could find employment ; and there where she went to work, she went to reside, and like other hired people or servants who board at the house of their masters, must be considered as there having her domicil or residence. The case therefore is within the third and fourth sections, and as there was no order of removal the plaintiff is not entitled to recover.

Judgment of county court affirmed.