## TOWN OF PITTSFORD *v.* TOWN OF CHITTENDEN.

*Pauper. Order of Removal. Transient Person. Gen. Stats.*
*§ 13, ch. 20.*

Under our statute an order of removal can be legally made only when the pauper has come to the town procuring such order to reside, and cannot be made in the case of a transient pauper.

The plaintiff town having treated the pauper as a resident and removed him to the defendant town and no appeal having been taken therefrom, the plaintiff town cannot now deny the residence and recover of the defendant town the expenses of the pauper's support prior to the order of removal, on the ground that he was in fact a transient pauper.

The pauper went to the town of P. in May, 1867, for the purpose and with the intention of hiring out in the vicinity for the season, and to go to Massachusetts in the fall and his purpose and intention were not changed so long as he remained at P. *Held* that the pauper was in fact a resident of P., within the meaning of the statute, and not a transient pauper.

There can be no recovery against the town in which a pauper has a legal settlement by a town in which he is a resident, for expenses incurred in his support prior to an order of removal.

*Middlebury v. Waltham*, 6 Vt., 200, referred to and approved.

ASSUMPSIT on special and general counts in assumpsit, to recover for the support of an alleged transient pauper, Joseph B. Congdon, under § 13 of ch. 20 of General Statutes. Plea, the general issue, and trial by the court, March term, 1871, WHEELER, J., presiding.

The court found from the evidence that Oliver Yaw, the maternal grandfather of the pauper, had a settlement in Chittenden, and lived there in 1833, when his daughter, Roxanna Yaw, the mother of the pauper, was born, and that he lived there until he died, in July, 1852. The said Roxanna was married to David B. Congdon, of the state of New York, the father of the pauper, in June, 1849, and went to that state, and there lived with her husband till he died, April 28, 1865, and still resides there.

The pauper was the son of the said David B., and Roxanna, and was born in the state of New York, in 1850, and was 17 years of age when he received the aid in question from Pittsford.

The pauper went to Pittsford in May, 1867, for the purpose and with the intention of hiring out in the vicinity for the season, and to go to Massachusetts in the fall, and his purpose and intention aforesaid were not changed, but remained the same so long as he was at said Pittsford that spring and season, and the character of his residence was in no wise changed so long as he remained there, his remaining there being terminated by an order of removal, as hereafter stated.

When the pauper went to Pittsford, as aforesaid, he stopped at the house of one Stetson, in said Pittsford, and while at his house he was taken sick and needed relief. Stetson notified the overseer of Pittsford, and the overseer of Pittsford notified the overseer of Chittenden of the situation of Congdon, and Pittsford necessarily expended $134.84 for his support and nursing, prior and up to the 20th day of June, 1867, when Pittsford regularly procured an order of removal, before two justices of the peace, for removing said Congdon to Chittenden, and had him removed the same day, by virtue thereof, to Chittenden.

The order of removal was regular, in due form, and properly served, and was not appealed from by either party.

From the foregoing facts, the court held that Chittenden was liable for the amount expended by Pittsford for the care and support of the pauper prior and up to the date of the order of removal aforesaid, and found for the plaintiff to recover $152.76 damages and their costs. To which decision and judgment the defendant excepted.

*Dunton & Veazey*, for the defendant.

The order of removal is conclusive, both as to the settlement of the pauper, and also as to all other facts necessary to uphold it. *Poultney* v. *Sandgate*, 35 Vt., 146 ; *Cabot* v. *Washington*, 41 Vt., 168. This action is brought under § 13 of ch. 20 of the Gen. Statutes, which relates solely to *transient* persons, as contra-distinguished from persons " *coming to reside in*" a town, referred to in § 4 of the same chapter. Had the pauper been a *transient* person, the plaintiff town was not entitled to the order of removal ; therefore the justices must have found that the pauper was a person " *coming to reside in*" Pittsford, and the plaintiff town is bound by that finding, and cannot now impeach the same. *Poultney* v. *Sandgate*, *supra ;* *Cabot* v. *Washington*, *supra*, 10 Vt., 467 ; *Sutton* v. *Cabot*, 19 Vt., 52. Even giving no effect, in this respect, to the order of removal, the pauper was not a *transient* person, in the sense the term is used in § 13 of ch. 20 of the General Statutes. *Middlebury* v. *Waltham*, 6 Vt., 200 ; *Charleston* v. *Lunenburgh*, 23 Vt., 525 ; *Sharon* v. *Cabot*, 29 Vt., 394. Where there is an order of removal, one town cannot recover of another their expenses incurred in support of a pauper, even in sickness, prior to the granting of the order of removal. *Londonderry* v. *Windham*, 2 Vt., 149 ; *Essex* v. *Milton*, 3 Vt., 24 ; § §4 4 and 6, p. 135, Gen. Statutes.

*Edgerton & Nicholson*, for the plaintiff.

The exceptions show that during the entire period while said support was being rendered, the pauper was *in fact* a transient person within the meaning of the 13th section of the statute referred to. He did not go to Pittsford to set up a residence there, but " for the purpose and with the intention of hiring out *in the vicinity* for the season, and to go to Massachusetts in the fall." Upon these facts no adequate remedy, other than that now sought, is, or can be, available to the plaintiff. But it is said that the order of removal operates retroactively, and by construction changes the prior legal status of the pauper. But such, as we understand it, is not the effect of the order of removal. An order of removal, unappealed from, is conclusive as to the settlement of

the pauper " at the date of the order," but not at any point or period of time antecedent to it. *Poultney* v. *Sandgate*, 35 Vt., 146.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This action is brought to recover for the support of an alleged transient pauper.

It appears that the pauper went to Pittsford in May, 1867, with the intention of hiring out to labor in that vicinity for the season, and of going to Massachusetts in the fall. Soon after his arrival in Pittsford he was taken sick, and the town expended the money sought to be recovered in his necessary care and support. In June, 1867, (and after the expense had been incurred), the said town procured an order of removal of the said pauper to the town of Chittenden. This order is conceded to have been regular, and in conformity with the statute. This order of removal was not appealed from by the town of Chittenden, and the legal settlement of the pauper in the town of Chittenden became thereby fixed and determined.

Under our statute an order of removal can be legally made only when the pauper has come to the town procuring such order to reside, and cannot be made in the case of a transient pauper.

The town of Pittsford having proceeded against the pauper, and procured his removal as being a resident of the town, within the meaning of the statute, cannot now treat him as having been a mere transient pauper, as the case finds that there was no change in the intent and purpose of the pauper, as to his residence there, from the time he came into the town down to the time the order was made. If he was a resident within the meaning of the statute when the order was made, he was so from the first, and the town of Pittsford having treated him as a resident, and removed him to Chittenden, and that town having acquiesced therein and accepted the pauper, the town of Pittsford cannot now be permitted to deny the residence, and recover of the town of Chittenden the expense of the pauper's support prior to the order, on the ground that he was in fact a transient pauper.

49

But even if the town of Pittsford could do so, we think it very clear on the facts as they appear in the exceptions, that the pauper was in fact a resident of the town of Pittsford within the meaning of the statute, and not a transient pauper. The case comes clearly within the principles laid down in the case of *Middlebury* v. *Waltham*, 6 Vt., 200. The law of that case has never been questioned.

That there can be no recovery against the town in which a a pauper has a legal settlement, by a town in which he is a resident, for expenses incurred in his support prior to an order of removal, is a principle too well settled in this state to require either argument or authority.

This view of the case renders it unnecessary to consider the other questions discussed in the argument.

Judgment of the county court reversed, and judgment for the defendant for its cost.