## TOWN OF VERSHIRE v. TOWN OF HYDE PARK.

*Pauper. Suit pending at passage of act of 1886. Transient pauper. Insane person.*

1. Under the pauper law of 1886 the liability of towns for the support of paupers depends upon residence and the question of settlement is immaterial.

2. An order had been made removing the pauper from the plaintiff town, and from this order an appeal had been taken which was pending at the time of the passage of the act of 1886. The pauper had not been actually removed but continued to reside in the plaintiff town, and never resided in the defendant town. The support sued for was subsequent to July 6, 1888. *Held,* that the affirmance of the order of removal by the County Court did not make the defendant liable.

3. The support sued for was furnished the unemancipated insane daughter of R., who was the pauper removed by the order above referred to. *Held,* that this did not alter the case, for, (a) being unemancipated, she was a member of her father's family and subject to the order of removal, and (b) if not subject to that order, and a transient pauper, still she had never resided in the defendant town, and hence that town was not liable.

Action to recover for the support of a pauper. Heard at the December term, 1889, Orange county, Tyler, J., presiding, upon an agreed statement of facts. Judgment for the defendant. The plaintiff excepts.

*J. K. Darling,* for the plaintiff.

Previous to the act of 1886, the adjudication upon the order of removal would have conclusively fixed upon the defendant the liability to support this pauper. *Langrove* v. *Pawlet,* 20 Vt. 309; *Chester* v. *Wheelock,* 28 Vt. 554; *Windham* v. *Chester,* 45 Vt. 459; *Dorset* v. *Manchester,* 3 Vt. 370; *Barre* v. *Morristown,* 4 Vt. 574; *Rupert* v. *Sandgate,* 10 Vt. 278; *Hartland* v. *Williamstown,* 1 Aiken, 241; *Hale* v. *Turner,* 29 Vt. 350;

*Poultney* v. *Sandgate*, 35 Vt. 146 ; *Cabot* v. *Washington*, 41 Vt. 168; *Stowe* v. *Brookfield*, 26 Vt. 524.

· That act in terms provides that it shall not effect pending suits. No. 42, Acts 1886, s.14.

*P. K. Gleed*, for the defendant.

The pauper did reside in the plaintiff town and did not reside in the defendant town. Hence the former is and the latter is not liable for her support. *New Haven* v. *Middlebury*, 63 Vt. 399 ; No. 42, Acts of 1886 ; *Worcester* v. *East Montpelier*, 61 Vt. 139 ; *Chittenden* v. *Barnard*, 61 Vt. 145.

The opinion of the court was delivered by

START, J. It appears from the agreed case, that the pauper for whose maintenance the plaintiff town claims the defendant town is chargeable, is the unemancipated daughter of Darius. H. Rowell ; and that on the 12th day of October, 1886, it was adjudged by a court of inquiry that said Rowell had come to the plaintiff town to reside, that his legal settlement was in the defendant town, and he was ordered to remove with his family to the defendant town. From this order, the defendant appealed to the December term, 1886, of the Orange County Court, and it was there adjudged that said Rowell was duly removed. Said Rowell continued to reside in the plaintiff town, maintaining himself and family, until July 6, 1888, when he took the pauper in question to the dwelling house of the overseer of the poor of the plaintiff town ; and the plaintiff has ever since provided for her. It does not appear that the pauper, or her father, ever resided in the defendant town, but it does appear that the defendant town is not the town where they last resided for three years.

Since the passage of No. 42 of the Acts of 1886, towns have not been liable for the maintenance of paupers by reason of a legal settlement therein. *Worcester* v. *East Montpelier*, 61 Vt. 139 ; *Chittenden* v. *Barnard*, 61 Vt. 145. By this act, the right of one town to maintain an action against another town for

expense incurred in the support of paupers, is made to depend upon the *residence* and not upon the settlement of the pauper. If a person comes to want in the town where he *resides*, such town must provide for him, and, in such case, the town is without remedy as against any other town. But if a person is temporarily away from the town where he *resides* and comes to want, and is provided for by the town where he so comes to want, he is a " transient pauper," and the town so providing for him, by giving the notice required by the statute, may recover the expense incurred in his support, of the town where he last resided for three years, maintaining himself and family. In this case, it appears that the defendant town is not the town where the pauper so resided, and, for this reason, the plaintiff cannot recover under the act of 1886. *New Haven* v. *Middlebury*, 63 Vt. 399; *Chittenden* v. *Stockbridge*, 63 Vt. 308.

The appeal from the order of removal was pending at the time the act of 1886 was passed. Section fourteen of the act provides that pending causes shall not be affected thereby, but the same may proceed to trial and judgment in the same manner and to the same effect as if the act had not been passed. The plaintiff's counsel contends, that, by reason of this provision of the act, the pauper should be regarded as a transient pauper, and that the plaintiff is entitled to recover by force of the statute relating to transient paupers. Under this section, the pending cause was excepted from the operation of the act, and it proceeded to trial and judgment in the same manner and to the same effect as if the act had not been passed. But this does not authorize a recovery in this action. There was no statute in force at the time the act was passed that would give such effect to the judgment. By the statutes in force at the time the act was passed, one town could not maintain an action against another town for the recovery of money paid out in support of a pauper, except in cases where the pauper, after an order of removal, could not be removed by reason of sickness or confinement in

jail, cases where it was finally adjudged that the pauper was unduly removed, and in the case of transient paupers.  R. L. sections 2818, 2837, 2838, 2843 ; *Berlin* v. *Worcester*, 50 Vt. 23; *Pittsford* v. *Chittenden*, 44 Vt. 382 ; *Middlebury* v. *Waltham*, 6 Vt. 200.

The cause pending between the parties at the time the act was passed, was not a suit to recover money paid out in the support of the pauper, and a prosecution of it to final judgment did not have the effect to render the defendant liable under the statute relating to transient paupers.  The appeal was prosecuted for the purpose of determining whether Darius H. Rowell and his family were duly removed to the defendant town, and it was adjudged that they were.  The pauper in question being unemancipated, she took the settlement of her father, and the judgment was, in effect, an adjudication that she was not a transient pauper, that she had come to the plaintiff town to reside, and that her legal settlement was in the defendant town. *Rowell* v. *Vershire*, 62 Vt. 405; *Topsham* v. *Chelsea*, 60 Vt. 219.  By prosecuting the cause, the plaintiff recovered its costs.  If it had been adjudged that the paupers were unduly removed, the defendant would have had judgment for its costs and so much money as it had necessarily paid out for the support of the paupers ; and it would have been the duty of the plaintiff to take back the paupers and pay all expense incurred in their support subsequent to such adjudication.  R. L., ss. 2841, 2842.  It was for the purpose of preserving the rights of parties in pending causes in these respects that section fourteen was enacted.  The cause was prosecuted after the passage of the act upon the assumption that the paupers had been removed to the defendant town as is authorized by sec. 2834 of R. L., and had they been so removed, the plaintiff could not complain that the cause had not proceeded to " trial and judgment in the same manner and to the same effect" as if the act had not been passed, and the judgment would have

41

the effect of an adjudication that the pauper in question was duly removed. If the judgment does not have this effect, it is because the plaintiff did not remove the pauper when it might have done so, and not because of the passage of the act of 1886. The cause has proceeded to final judgment in the same manner and to the same effect as if the act had not been passed.

The plaintiff also claims that the pauper should be regarded as a transient pauper, because she is an idiot and can exercise no choice or intention in regard to the place of her residence. The agreed case shows that she has, for this reason, remained unemancipated. She being unemancipated, as one of her father's family, was amenable to an order of removal, and, being amenable to an order of removal, she is not a transient person. *Rowell* v. *Vershire, supra; Topsham* v. *Chelsea, supra.*

If she was a transient pauper and not amenable to an order of removal, then she was not included in the order that Darius H. Rowell and his family remove, and the cause pending between the parties at the time the act was passed, did not relate to her; and the plaintiff can claim nothing under section fourteen of the act, and its rights must be determined by the statute as amended by the act of 1886, and, when so determined, it cannot recover, for the reason that the defendant town is not the town where she last resided for three years, maintaining herself.

*Judgment affirmed.*