TOWN OF LONDONDERRY

v.

TOWN OF LANDGROVE.

GENERAL TERM, 1893.

*Transient pauper. Peddler.*

An itinerant peddler, who has no family and no home, is not a transient pauper in that town where, while engaged in his ordinary vocation, he comes to want by reason of being suddenly taken sick.

Assumpsit for the support of a transient pauper. Plea, the general issue. Trial by jury at the September term, 1892, Windham county, MUNSON, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The testimony of the plaintiff tended to show that the pauper had a three years residence in Landgrove, and that the plaintiff was entitled to recover if the pauper was a transient person at the time he became chargeable. Upon this

point the testimony of the pauper himself was not contro-
verted, and was in substance, that he bought a house in
Landgrove September 27, 1867, and moved into it soon
thereafter, and continued to live there with his mother until
the fall of 1871, when he moved to Winhall; that he never
was married; had always supported himself until June 19,
1890; that for several years previous thereto he had traveled
about the country summers peddling, and would stay winters
wherever he could make arrangements so to do; that he
stayed with one Leonard Simonds in the town of Windham
during the winter of 1889-90; in the spring of 1890 he aban-
doned his home at said Simonds, and started out again ped-
dling, and thereafter and until said 19th day of June he had no
abiding place, got his meals where he could and stayed
nights where night overtook him; that on said 19th day
of June, 1890, he was suddenly taken ill, had a shock while
traveling in said Londonderry, and had been a town charge
ever since.

It was conceded by both parties on trial that the pauper
was taken sick June 19, 1890, and that he then had no
home anywhere. There was no evidence tending to show
that he had then come to Londonderry with the intention of
locating, being there in the regular course of his peddling
business.

*Martin & Archibald* and *Waterman, Martin & Hitt* for
the defendant.

The pauper had no home anywhere, therefore his resi-
dence was wherever his business took him for the time
being. *Berlin* v. *Worcester,* 50 Vt. 23; *Chittenden* v.
*Stockbridge,* 63 Vt. 309; *Middlebury* v. *Waltham,* 6 Vt.
200.

*A. E. Cudworth* and *L. M. Read* for the plaintiff.

The pauper was a transient.  He had no residence any-where.  *Charleston* v. *Lunenburg*, 23 Vt, 525 ; *Danville* v. *Putney*, 6 Vt. 512 ; *Middlebury* v. *Waltham*, 6 Vt. 200 ; *New Haven* v. *Middlebury*, 63 Vt. 399.

START, J.  From the undisputed testimony and the concessions of the parties, we hold that the pauper was not a transient person in the plaintiff town at the time he came to want, and that the court below should have ordered a verdict for the defendant.

The pauper was a single man, having no home, and engaged in the business of peddling in the plaintiff town at the time he came to want.  He had abandoned his former home, and it did not appear that he intended returning to it, or going to any place other than the plaintiff town.  Under these circumstances, it cannot be said that the pauper was away from home, or passing through the plaintiff town, or an aimless wanderer.  He had no home to which, by con-tract or understanding, he had a right to return.  He had abandoned the place of his former residence, with no pres-ent intention of returning to it.  There was no place to which he intended going or returning.  He was not passing through the town for the purpose of going to some other place, or wandering about with no object or purpose in view.  He was in the plaintiff town for the purpose of engaging in the business by which he gained a livelihood ; and, while thus engaged, misfortune overtook him, and he came to want.  There was no place to which he could go back, no place to which he could go forward.  Looking either way, there was no place at which he was expected, or to which he intended going, or that he could call home.  The only place he could call home was the place where he came to want.  There he was engaged in the business by which he had been able to maintain himself; there he had a right to be ; there he was at rest ; and there he resides.

The decisions under our pauper law have been quite uniform in holding that, when a person goes to a town for the purpose of gaining a livelihood by manual labor, or otherwise, leaving behind no place to which, by contract or understanding, he has a right to return, and having no present intention of returning to the place of his former residence, he resides in the town where he thus goes for the purpose of earning a living.

In *Berlin* v. *Worcester*, 50 Vt. 23, the pauper had gone to the plaintiff town to work during the season of making cheese, and it was held that the presumption is that a single person, when working out for a living, is domiciled, or has his home, where he performs his service, takes his meals, and has his apparel cared for. That is the place where he has a right to be and remain during the term of service; and it is incumbent upon the town asserting that the home or domicile of such person is at a place different from the one where he or she is abiding, to show affirmatively that there is some other place to which such person has, by contract or understanding, the right to return when the term of service is completed, and has also the present and continuing intention to do so. Without the existence of these two facts the commorancy of such person does not take on the character of "transient," or of being on his passage from the place where his operations and plans center, through the town in which the misfortune befell him, with an abiding purpose of presently returning to such place.

In *Stamford* v. *Readsboro*, 46 Vt. 606, the pauper had been at work in the plaintiff town several weeks. He had no home, and did not intend making the plaintiff town his permanent residence, or remaining longer than his term of service; and it was held that he came to the plaintiff town "to reside."

In *Pittsford* v. *Chittenden*, 44 Vt. 382, the pauper went to the plaintiff town with the intention of hiring out to labor

in that vicinity for the season, and of going to Massachusetts in the fall. Soon after his arrival in the plaintiff town he came to want, and it was held that he was a resident of the plaintiff town and not a transient pauper.

In *Middlebury* v. *Waltham*, 6 Vt. 200, the pauper came to the plaintiff town and resided in a family a few days as a servant, hired for no definite time, and was taken sick, and it was held that she resided in the plaintiff town.

In *Barton* v. *Irasburg*, 33 Vt. 159, it is said, that, if one takes his all with him and leaves no home behind him, he may be thought more reasonably to carry his home with him. His places of residence have no fixed purpose, and are easily moulded to any views which business, profit or pleasure may suggest. The intention where to reside may fluctuate from day to day.

*Judgment reversed and cause remanded.*

ROWELL, J., dissents.