## STATE *v.* FRED CUNNINGHAM.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed June 9, 1903.

*Complaint—Sufficiency—Residence—Unlicensed auctioneer.*

A complaint for selling goods at auction without a license, which alleges that the respondent is "temporarily" of the town or city where the offense is alleged to have been committed, is fatally defective.

COMPLAINT under No. 95, Acts of 1900. The respondent's demurrer to the complaint was overruled in the City Court of the city of Barre, *Fay,* Judge, where trial by jury was then had. Verdict and judgment, guilty. The respondent excepted.

*F. S. Williams* for the respondent.

The complaint is bad in that it does not negative that the respondent was a resident of Washington County. The exception is in the enacting clause, and a part of the description of the offense. *State* v. *Sommers,* 3 Vt. 156; *State* v. *Northfield,* 13 Vt. 565; *State* v. *Munger,* 15 Vt. 290; *State* v. *Barker,* 18 Vt. 195; *State* v. *Palmer, Id.* 570; *State* v. *Stevenson,* 68 Vt. 529.

The statute is unconstitutional, in that it discriminates against citizens of this State and other States, in favor of citizens residing in certain localities. Cooley on Tax. 169; *State v. Pratt*, 59 Vt. 590; *State v. Harrington*, 68 Vt. 622; *State v. Hoyt*, 71 Vt. 59; *State v. Cadigan*, 73 Vt. 245; *License Tax Cases*, 5 Wall. 462; *Railroad Co. v. Ellis*, 165 U. S. 150; *Vick Wo v. Hopkins*, 118 U. S. 356; *St. Louis v. Spiegel*, 90 Mo. 587; *Marshalton v. Blum*, 58 Ia. 184.

*Richard A. Hoar*, State's Attorney, for the State.

The exception is not descriptive of the offense. *State v. Norton*, 65 Vt. 258.

It was within the power of the Legislature to tax transient auctioneers as a distinct class. *Bank v. Feno*, 8 Wall. 533; *Robey v. Wilmington*, 8 Ired. L. 250.

HASELTON, J.   No. 95, Acts of 1900, provides for the licensing of auctioneers, and then proceeds as follows: "If a person, not so licensed, sells or offers for sale at auction in any town or city in the State, goods, chattels or other property, he shall be fined not more than one hundred dollars and not less than ten dollars; but this section shall not apply to sales at auction * * * made by any person in the county where he resides."

This was a complaint, under the statute referred to, setting up the respondent as temporarily of the city of Barre. In other respects the complaint charged in appropriate terms the commission by the respondent at said city of Barre of an offense under the statute. The respondent demurred. The demurrer was overruled, and the complaint adjudged sufficient. Exceptions were allowed and ordered to lie pending a trial on the merits of the case. On the trial, which was before

the City Court of Barre, the respondent was adjudged guilty and the minimum fine provided by statute was imposed. The question before this Court is as to the sufficiency of the complaint.

According to usual and approved forms of pleading the phrase in the complaint describing the respondent as "of the city of Barre" sets him up as a resident of said city, unless it is prevented from having this effect by the use of the word "temporarily"; and we do not think it is so prevented. One may have a place of abode, such a place of abode as constitutes his residence, and yet such abode and residence may be of a temporary character. In *Jamaica* v. *Townsend*, 19 Vt. 267, the question was as to the residence of a person during a period of twenty-nine days. In discussing the matter of one's residence in such a case, the Court say: "The question is, where does he, for the time, dwell? Is he now at home? Where does he reside for the time being?" The expressions "for the time" and "for the time being" are equivalent to the word "temporarily." Each constitutes a good definition of that word. Cases in accord with the Jamaica case are *Middlebury* v. *Waltham*, 6 Vt. 200, and *Jericho* v. *Burlington*, 66 Vt. 529, 29 Atl. 801. It is to be observed that "residence" and "domicile" are not, strictly speaking, synonymous; that one may be domiciled in one place and at the same time have a temporary residence in another. 2 Kent Com. 431, note.

The respondent being, under the allegations of the declaration, temporarily a resident of the city of Barre, he had, by the express terms of the statute, the right there to do the acts complained of.

The constitutionality of the statute under which the complaint was brought was discussed in argument, but the con-

clusion above reached makes it unnecessary that the constitutional question should be decided.

*Judgment and sentence reversed, demurrer sustained, complaint adjudged insufficient and quashed, and respondent let go without day.*

