## MARTIN DAVIS v. THEODORE STRONG AND OTHERS.

### *Listers.*

If the listers of a town assess one for personal property, who has removed from that town, leaving no property there, under the honest belief, on their part, that his removal was for the purpose of avoiding listing and taxation, or of changing his list to another town, they act in this respect *judicially*, and are not liable to the person so assessed, even though such belief was erroneous.

CASE against the defendants as listers of the town of Berlin, for unlawfully assessing the plaintiff, when he was not an inhabitant of that town, and had no property there. Plea, the general issue and trial by jury at the March Term, 1857, of the Washington County Court,—POLAND, J., presiding.

The plaintiff's evidence tended to prove that prior to the fall

of 1854 he had resided in Berlin, and had owned a farm in that town ; that he sold his farm in 1853, and in the fall of 1854 went to the west, and returned to Berlin, where he boarded through the winter, having no family ; that he was intending to move permanently to the west in the spring of 1855 ; and that on the 30th day of March, 1855, he removed with his effects to the house of his brother in Montpelier, where he engaged board until he should go west; that he had no intention of again removing back to Berlin, and that he did not remove to Montpelier with any purpose to avoid taxation or to change his list from Berlin to Montpelier or any other town; that the defendants assessed him in the grand list of Berlin for 1855, for his poll, and seven hundred dollars personal property, and that taxes were duly assessed on the list in Berlin against him to the amount of six dollars, and that on his refusal to pay the same, the collector of Berlin levied upon his property and sold the same to pay said taxes and the costs, which were six dollars more.

The defendants gave evidence tending to prove that the plaintiff moved his effects to his brother's house in Montpelier, on the 30th of March, 1855 ; that in the afternoon of the same day he went to a Mr. Nye's, in Berlin, (not the place where he had boarded) and staid there over night; that the next day he went to his brother's house in Williamstown, and remained there over night, and that on the 1st day of April, he returned through Berlin to his brother's in Montpelier, where he remained until some time in May, when he went to the west; that about the 5th or 6th of April, the plaintiff and the defendant Strong met in Berlin, when Strong said to the plaintiff that he supposed he was still a resident of Berlin ; that the plaintiff replied that was none of his business ; that Strong then told the plaintiff he had heard he did not mean to pay taxes any where that year, that he was at Williamstown the first of April; that if he was a resident of Montpelier or Williamstown, he had nothing to say or do with him ; that the plaintiff replied that it was none of his business where he paid ; that Strong then told the plaintiff he should list him in Berlin, and should list him two hundred dollars more than he had ever been assessed before ; that the plaintiff said he might do what he pleased but that he should not pay taxes there,

that shortly after this, Strong saw the other listers and they con-
cluded it was necessary to give the plaintiff further notice, as
the other notice was given on fast day ; and about a week after
the first interview between Strong and the plaintiff, Strong again
met the plaintiff in Montpelier, and told him that they had
assessed him ; that the plaintiff then told Strong he did not care
what they did, that he resided in Montpelier and not in Berlin ;
that Strong told him they should leave notice in the town clerk's
office of a day they would meet to hear appeals, and he could
then appear and swear it off if he wished.

The defendants also gave evidence tending to prove that the
plaintiff intended to avoid being set in the list in any town for
that year, and that his removal from Berlin to Montpelier was
for that purpose ; that they acted in good faith in assessing the
plaintiff, and that they had reason to believe, and did believe,
that his removal from Berlin to Montpelier was to avoid being
set in the list and paying taxes that year, and that they believed
him legally liable to be set in the grand list of Berlin.

It was not claimed by the defendants, that there was any inten-
tion on the part of the plaintiff to again return to the town of
Berlin to reside.

The defendants claimed and requested the court to charge the
jury, that if the plaintiff's removal from Berlin to Montpelier
was not for the purpose of avoiding being set in the list and pay-
ing taxes, or for the purpose of changing his list from Berlin to
Montpelier, still if the defendants acting with reasonable pru-
dence and discretion believed such to be his purpose, and that he
was therefore liable to be set in the list in Berlin, and for this
reason set the plaintiff in the grand list of Berlin accordingly,
they could not be made liable therefor ; that their action in the
matter was judicial, and if they acted in good faith they would
not be liable, though they acted erroneously.

But the court declined so to charge, but did charge the jury
that if the plaintiff's removal from Berlin to Montpelier, was for
the purpose of avoiding listing and taxation in any town, or for
the purpose of changing his list from Berlin to Montpelier, then
he was liable to be listed in Berlin, and could not recover in this
action ; but that if his removal from Berlin to Montpelier was

Davis *v.* Strong et al.

not for either of such purposes, then he was not legally liable to be listed in Berlin, and that the defendants were liable for assessing him, and that this was not a case coming within the discretionary or judicial power of the listers, and that they would not be protected if they acted erroneously, though they acted honestly.

To so much of the charge of the court as is above detailed, the defendants excepted.

*T. P. Redfield*, for the defendants.

When listers are called upon to act upon their best discretion and judgment, they act *judicially* and are not responsible for errors of judgment, nor liable to an action therefor. *Fuller* v. *Gould*, 20 Vt. 647 ; *Stearns* v. *Miller*, 25 Vt. 20.

In this case, the listers, to the best of their judgment, were of the opinion that the plaintiff removed from Berlin for the purpose of avoiding taxation or of changing his list to another town. and therefore under the statute of 1853, (p. 35, acts of 1853,) assessed him in Berlin. In so doing they acted *judicially* and honestly, and are not liable in this action.

*Peck & Colby*, for the plaintiff, claimed that the act of the listers for which the plaintiff brought this action, was purely a *ministerial* one, and that therefore they were liable for assessing him in a town where he did not reside and had no property, and cited *Fairbanks* v. *Kittredge*, 24 Vt. 13 ; *Cummings* v. *Clark*, 15 Vt. 657 ; *Howard* v. *Shumway*, 13 Vt. 358 ; *Henry* v. *Edson*, 2 Vt. 504 ; *Fuller* v. *Gould*, 20 Vt. 650 ; *Ayre* v. *Young*, 11 Mass. 225 ; *Freeman* v. *Kinney*, 15 Pick. 46 ; *Nyle* v. *Bosworth*, 5 Pick. 498 ; *Lyman* v. *Fisk*, 17 Pick. 235 ; 4 Pick. 399 ; *Preston* v. *Boston*, 12 Pick. 12 ; *Harrison* v. *Babcock*, 1 Henry Black. 72 ; *Mayor* v. *Knowles*, 4 Taunt. 634 ; *Temple* v. *Mead*, 4 Vt. 544 ; *Lincoln* v. *Hapgood*, 11 Mass. 356.

BENNETT, J.  We think the defendants were entitled substantially to the charge asked for.  The court put the case to the jury upon the ground that this was not a case where the powers and duties of the listers could be esteemed of a *judicial character*, and that they would not be protected if they acted erroneously, though

they acted honestly. Although the listers are not strictly *judicial officers*, still, if the character of their acts is not *ministerial*, but are *judicial*, involving the exercise of discretion and judgment, they should be be protected in all honest, *bona fide*, judicial acts, upon the same principle and for the same reasons for which judicial officers are protected.

It is said in argument that the listers must sue at their peril; that they have jurisdiction over the person of the individual who is subjected to taxation, and if they have not, they, like courts of limited jurisdiction, become trespassers.

But this is a case where the listers of Berlin once had unquestioned jurisdiction.

The plaintiff had resided, *de facto*, in Berlin, up to the 30th of March, 1855; had had his list in that town, and had paid taxes also there, and the question was whether they had lost that jurisdiction. By the statute of 1853, p. 35, if the *removal* was for the purpose of avoiding listing and taxation, or for the purpose of changing his list to some other town, etc., it had no effect, and the jurisdiction to assess taxes against the plaintiff still continued in the listers of Berlin. It then became the imperious duty of the listers to adjudge and determine as to the character of his removal, and this was to be inferred from the facts and the circumstances attending the case. The discharge of this duty involved *discretion and judgment*, and we think the duty is of a *judicial* character, and that the listers should not be made liable for an error in judgment, where they acted *bona fide*, and according to their best judgment. The character of the act as to the finding of the *intention* in making the removal, is the same, whether it be determined by the board of listers, or by a court and jury. Inasmuch, then, as the listers had jurisdiction of the subject matter, and of the person, without question, up to the 30th of March, 1855, whether under the circumstances of this case that jurisdiction was continued to the 1st day of April, involved the exercise of *discretion* and *judgment*, and is an act strictly of a *judical character*, as we think.

The judgment of the county court is reversed, and cause remanded.

ALDIS, J., dissented.