GEORGE GREGORY v. EBENEZER BUGBEE.

*Tax. Grand List. Domicile.*

In an action by a tax collector to collect a tax, neither the fact that the defendant's name stood in the list of the town in favor of which the tax was claimed, nor the decision of the listers in setting the defendant in said list, is any evidence upon the question of the defendant's residence.

ACTION in favor of the collector of the town of Burke to collect a tax by trustee process. Plea, the general issue. Trial by jury, August term, 1869, STEELE, J., presiding. Verdict for the defendant. The question was whether, on the 1st of April, 1865, the defendant was so a resident of said Burke as to be liable to be listed there. It appeared that the defendant was a resident of Burke or of Chicopee, Mass.; the plaintiff's evidence tended to show the former, and the defendant's the latter, to be the domicile of the defendant.

The plaintiff claimed and requested the court to instruct the jury:

1st. That the fact that the defendant's name stood upon the list of Burke for 1865, was evidence upon the question of the defendant's residence.

2d. That if the listers put the defendant's name and property in the list of Burke, upon the ground that they decided that the defendant was moving about with the fraudulent design to evade taxation, the decision of the listers would be a judicial act, and conclusive upon the defendant.

The court refused to charge in accordance with either request, and told the jury that it was for the plaintiff to show by evidence, independent of the list or of the decision of the listers, that he was endeavoring to evade taxation, or that his residence was in Burke, and that neither the list nor the action or decision of the listers was evidence upon either of these issues; to all of which the plaintiff excepted.

*George C. & George W. Cahoon*, for the plaintiff.

*Pierce & Bartlett*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. The case of *Hurlburt* v. *Green*, 41 Vt., 490, seems to bear directly upon the questions made upon the exceptions in this case. The plaintiff as the collector and representative agent of the town brought this suit to enforce a tax and get satisfaction of it. Of course it is the province of the defendant to put the plaintiff to show that the tax is legal and enforcible.

The list of the town would be evidence on the question whether the defendant was set in it in *due form*. But the fact that he was so set in the list would not conclude him as to his liability to be taxed in that town. He has the right to claim that it should be shown that he was so a resident in that town as to be subject lawfully to be set in the list of such town. In the case above referred to the jury were instructed to the effect that if they should be unable, on account of the equipoise of the evidence, to find as between Danville and Waterford, in which of the towns was the plaintiff's domicile so as to subject him to taxation, then as he was not set in the list of Danville but was set in the list of Waterford, they should presume in favor of the town where he was in fact listed. This was held to be erroneous, the supreme court virtually holding that no presumption could arise from the fact that a person was set in the list by the listers, that he was subject *lawfully* to be set in such list so far as depended on the question of domicile. If no presumption could arise from that fact, then of course the fact had no tendency to show that he was lawfully listable and taxable in the town where he was thus listed.

As to the second request: It is true that the action of the listers in the discharge of many of their duties under the statute is in a sense *judicial* as distinguished from acts *ministerial*, and so if they act and adjudge in good faith upon matters that the law requires them to adjudge upon, they will have immunity from liability as for a wrongful act. *Davis* v. *Strong*, 31 Vt., 332. But this does not give such adjudication necessarily the conclusiveness claimed for them in this case as to other persons. In order that adjudications should be thus conclusive, it is necessary that the tribunal should have jurisdiction of the *person* as well as the subject. It is difficult to see how the listers can have jurisdiction of the person unless that person be an inhabitant of the town. When that question is made as in this case, to invoke the decision of the listers as concluding the question would seem to be an easy mode of disposing of it, but at the same time not quite clear in its grounds or processes. It would seem to be an arbitrary assumption of jurisdiction when the very fact on which it depends is denied and not proved, and then to conclude the party as to that fact by the

judgment under such assumed jurisdiction. The practical results of holding as is claimed would be likely to complicate the subject of one's liability to taxation as between different towns beyond any precedent, and certainly should not be adopted while principle and practice and reason are against it. The truth is that the setting of a person in the list concludes nothing as against him on the question whether he was so an inhabitant of the given town as to be liable to be listed and taxed in such town.

The judgment of the county court is affirmed.