## F. A. PRESTON *v.* CLARK KING, ADMR.

### *Grand List. Domicile. Listers.*

·The action of the listers in determining the residence of a person for the purposes of taxation is not conclusive, but the fact of such residence may be inquired into in a suit calling in question the validity of the tax.

This was an action in assumpsit to recover taxes for the years 1883 and 1885, claimed to be due from the defendant, as the ·administrator of one White, to the Northfield Graded School District. Plea, the general issue, and trial by jury, March Term, 1888, Rowell, J., presiding.

The said White deceased in 1870, and his estate continued· ·undistributed from that time until 1885. Up to the year 1884, the list of the estate was set in district No. 13, in the town of Northfield, on the ground that the intestate resided there at the ·time of his decease. For the years 1884 and 1885; the listers of ·the town of Northfield had set the list of the estate in the North- ·field Graded School District, deciding that that was the last resi- ·dence of the intestate. The question of fact in controversy was whether White at the time of his death had his taxable domicile in the Graded School District or in No. 13. The plaintiff also ·claimed that, as a matter of law, the action of the listers for the two years in question in setting the list in the Graded School District was conclusive in this suit. The jury being unable to ·agree, the court, *pro forma*, for the purpose of having the claim of the plaintiff in this behalf settled, directed a verdict for the plaintiff, to which the defendant excepted.

*S. C. Shurtleff*, for the defendant.

The action of the listers was not conclusive. "The truth is that the setting of a person in the list concludes nothing as ·against him on the question as to whether he was so an inhabit- ant of the given town as to be liable to be listed and taxed in ·such town." *Gregory* v. *Bugbee*, 42 Vt. 480; *Hurlburt* v. *Green*, 41 Vt. 490; same case, 42 Vt. 316.·

*J. N. Johnson* and *Frank Plumley*, for the plaintiff.

The listers had jurisdiction of the person and subject matter, and their action was conclusive. *Fairbanks* v. *Kittredge*, 24 Vt. 13 ; *Henry* v. *Edson*, 2 Vt. 499; *Howard* v. *Shumway*, 13 Vt. 358 ; *Henry* v. *Chester*, 15 Vt. 467 ; *Fuller* v. *Gould*, 20 Vt. 650 ; *Babcock* v. *Granville*, 44 Vt. 329 ; *Wilson* v. *Wheeler*, 55 Vt. 446 ; *Brock* v. *Bruce*, 58 Vt. 268 ; *Bullock* v. *Guilford*, 59 Vt. 516.

The opinion of the court was delivery by

Powers, J.   This was an action of assumpsit by the collector of the Northfield Graded School District to recover taxes assessed against the defendant's intestate, White.

The practical question involved was whether White's taxable domicile was in the Graded School District or in School District No. 13, and the parties succeeded in splitting the jury on that question.   It is now urged that the action of the listers in setting White to the Graded School District was conclusive, and that his taxes must be paid there, and if he has any remedy it must be sought in some other proceeding.

The statute provides that personal property of intestates shall be assessed for taxes in the town and school district where such person last resided.

But the action of the listers in setting a person's list in a particular school district cannot upon sound principles be held conclusive.   In *Gregory* v. *Bugbee*, 42 Vt. 480, it was held that the action of the listers in making up a list against a person as resident in the town was not conclusive upon him, and that notwithstanding such action, he might show that he was not legally taxable in such town.   That case is decisive of this.   The same reasoning would give the defendant the right to show that he was not taxable in the Graded School District.

The plaintiff in seeking to recover a tax of the defendant takes the burden of the legality of the tax, and this involves among other things a taxable residence in the district claiming such tax. The court, therefore, the facts being in dispute, must secure a verdict from the jury.

*The pro forma judgment of the County Court is reversed, and the case remanded for a new trial.*