## MERRITT F. RUDD v. CHARLES H. DARLING.

*Court may commit witness for refusing to answer. Authority issuing not liable for abuse of lawful process. Pleading.*

1. Defects in matters of form cannot be reached by general demurrer.

2. The judge of the Bennington Municipal Court may imprison for contempt a witness who refuses to answer a question properly put to him in a proceeding of which that court has jurisdiction.

3. A judicial officer, acting within his jurisdiction and in a judicial capacity, is not liable in a private action for his judicial acts.

4. Where a plea in bar to the declaration alleges that the defendant "did no other act or thing" in the premises except to order the arrest and imprisonment of the plaintiff for contempt, which it justifies, this will be a complete answer to the declaration, for if the declaration alleges other trespasses than the arrest and imprisonment, this amounts to a general traverse of those allegations.

5. The authority issuing a lawful precept is not liable for an abuse in its execution, and this is true of an order to commit for contempt of court.

Trespass *vi et armis.* Pleas, the general issue and a special plea in bar. Heard at the December term, 1891, Tyler J., presiding, upon the plaintiff's demurrer to the defendant's plea in bar. The demurrer was overruled and the plaintiff excepted.

The plaintiff's declaration was in three counts, the first and second for the arrest and imprisonment, and the third for a simple assault. The defendant's plea in bar was as follows:

"That on the 16th day of November, A. D. 1889, this defendant was by the governor of the State of Vermont, duly appointed judge of the Municipal Court, in and for the village of Bennington, and as such judge this defendant was duly sworn and gave the bond required by law and on the first day of Decem-

ber, A. D. 1889, entered upon the performance of the duties devolving upon him as judge of such court, and was at the time of the committing of the said several supposed grievances, in the said several counts of the said declaration mentioned, ever since has been and still is, the judge of said Municipal Court, and lawfully exercising and discharging the powers, duties and functions that pertain to said office of judge of said Municipal Court.

That on the 1st day of July, 1890, one Joseph Hill of Bennington; was brought before said Municipal Court, by virtue of a warrant against him, the said Hill, in the name of the State of Vermont, duly issued from and out of said court, and founded on a complaint exhibited to said court by O. M. Barber; State's attorney, for the county of Bennington, charging that the said Joseph Hill, at said village of Bennington, on the 1st day of April, A. D. 1890, did at divers times, sell, furnish, and give away intoxicating liquor, without authority, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State.

That the crime charged against the said Hill, in and by said complaint, was within the jurisdiction of the said Municipal Court, to try and determine, and that said cause was in said court entitled the State of Vermont against Joseph Hill, that such proceedings were had in said cause by and before said court, that on the 10th day of July, A. D , 1890, the said cause was by said Municipal Court, this defendant then still being the judge thereof and as such then presiding therein, heard and determined.

That on the hearing of said cause and before the determination thereof, divers. persons and among them Merritt F. Rudd, this plaintiff, were summoned as witnesses to testify what they knew relative to the said cause, then so on trial, that the said Merritt F. Rudd then and there appeared before said court and was duly sworn as a witness therein, in said cause, that the said State's attorney thereupon then and there, and after said Rudd had been duly sworn as aforesaid, and before said court, in the trial of said cause, interrogated the said Rudd as a witness, sworn as aforesaid, as to certain matters material to the issue then on trial, to wit : the cause of the State of Vermont against the said Joseph Hill ; that the said Merritt F. Rudd, being then and there so interrogated, did not and would not answer said interrogatories of the State's attorney, but wilfully and contumaciously refused so to do, that the defendant as judge of said Municipal Court and not otherwise, then and there instructed said Merritt F. Rudd that said interrogatories were relevant and proper interrogatories, and material to said cause then on trial, and did direct

and order said Rudd to make answer to said interrogatories, and did then and there also instruct the said Rudd that a refusal so to do would be a contempt of said court. That thereupon said interrogatories were again by the said State's attorney, by the direction of this defendant as judge of said Municipal Court and not otherwise, put to said Rudd, as witness as aforesaid, before said court in said cause, that the said Rudd refused to obey the said direction and order of said court, and did again wilfully and contumaciously refuse to answer said interrogatories, or any of them; that thereupon this defendant as judge of said Municipal Court and not otherwise, did adjudge that the said Merritt F. Rudd, by his said wilful and contumacious refusal to answer said interrogatories, was then and there guilty of contempt of said court, and thereupon did also then and there adjudge, order and direct, that the said Merritt F. Rudd be. committed to the common jail in Bennington, in the county of Bennington, until he purge himself of said contempt, by making answer to said interrogatories, and be further dealt with according to law, as it was lawful for the said defendant to do with the causes aforesaid. And this defendant did no other act or thing; that immediately thereupon, one Andrew J. Pike, then the sheriff of Bennington county, pursuant to the said order and direction of the said Municipal Court, gently laid his hands upon the said Merritt F. Rudd, and with no more force than necessary, did compel the said Merritt F. Rudd to go along the street of said village of Bennington, to and into the common jail, there then situate, and him the said Merritt F. Rudd did then and there commit to said jail, and him there did detain by virtue of said order and direction of said court as he lawfully might do for the causes aforesaid, and which are the said several supposed trespasses, in the said several counts, in plaintiff's declaration mentioned, and whereof the said plaintiff hath above complained against the said defendant."

*Sheldon & Cushman*, for the plaintiff.

The plea in bar does not contain an answer to all the trespasses counted on in the declaration. 1 Chitty Pl. p. 524; 1 Saund. Pl. p. 28, n. 3; Gould's Pl. 358; *Hathaway* v. *Rice*, 19 Vt. 102; *Goodrich* v. *Judevine*, 40 Vt. 190; *Ellis* v. *Cleveland*, 54 Vt. 437; *Gregory et ux* v. *Hill*, 8 Term. R. 299; *Oakes* v. *Wood*, 2 M. and W. 791.

*O. M. Barber*, for the defendant.

As judge of the Municipal Court, the defendant might commit the plaintiff for refusing to answer the questions put to him as a witness. *In re* Jesse Cooper 32 Vt. 253; *Village of Winooski* v. *Gokey*, 49 Vt. 285 ; *In re* John Percey, 2 Daley 530 ; *People* v. *Nevins*, 1 Hill 154; *State* v. *Matthews*, 37 N. H. 450 ; *State* v. *Copp*, 15 N. H. 212.

And for the exercise of this judicial authority the defendant is not liable to a private action. *Bradley* v. *Fisher*, 13 Wall. 339 ; *Randall* v. *Brigham*, 7 Wall. 523 ; *Pratt* v. *Gardner*, 2 Cush. 68 ; *Yates* v. *Lansing*, 5 John. 291; *Wright* v. *Hazen and Gordon*, 24 Vt, 143.

The opinion of the court was delivered by

THOMPSON, J. To the defendant's second plea, the plaintiff interposes a general demurrer. If this plea, which is to the whole declaration, sets forth in substance a full answer to the grievances alleged, it is sufficient, no matter how defective it may be in form, as matters of form are not reached by a general demurrer. To take advantage of them, the pleader must demur specially.

The Municipal Court of Bennington had jurisdiction of the subject matter, the person, and the original process, in the case of *State* v. *Hill*, referred to in this plea. In that case, the plaintiff was produced and sworn as a witness, and refused to answer certain questions pertinent to the issue, put to him, and after being admonished by the court that if he persisted in his refusal to answer, he would be adjudged to be in contempt of court, he still "wilfully and contumaciously refused" to answer the questions. This was contempt *in facie curiae*, and the defendant as judge of the court, had the authority to commit for it ; indeed he would have been derelict in his duty had he not done so. In Rapalje on Contempts, sec. 66, it is said : " It may safely be laid down as a general rule, that the refusal of a witness to testify at all, or to answer particular questions pertinent

to the issue, put to him either in a proceeding before the court itself or before a subordinate officer duly empowered by the court to take his deposition or conduct his examination, is contempt of such court, provided always the court have jurisdiction of the controversy or proceeding in which the witness is required to give his evidence. If the witness be competent, and the question pertinent to the issue, he should be compelled to answer. If he perseveres in his silence, when questioned, he may be committed for contempt, and confined until he does answer. Such refusal is a contempt no matter how respectfully and deferentially it may be made." This is a correct and comprehensive statement of the law on this subject. " The power to punish for contempt is inherent in the nature and constitution of a court. It is a power not derived from any statute, but arising from necessity; implied, because it is necessary to the exercise of all other powers." *In re* Jesse Cooper, 32 Vt. 253.

It has been held that this power is inherent in his justices' courts as well as in the higher courts of this State. *In re* Cooper, *supra.* The Municipal Court of Bennington is declared to be a court of record by the public act creating it, and of which this court is bound to take judicial cognizance. St. 1884, No. 226 ss. 48, 74. *Winooski* v. *Gokey,* 49 Vt. 285. It also has this power to punish for contempt.

A judicial officer acting within his jurisdiction and in his judicial capacity is not liable in a private action for his judicial acts. *Banister* v. *Wakeman,* 64 Vt.; S. C. 23 Atl. Rep. 585 ; and cases there cited. On the allegations in this plea with reference to defendant's adjudging the plaintiff to be in contempt of court and ordering his commitment, which are admitted by the demurrer to be true, this immunity accorded to judicial officers, is a complete justification of the act of the defendant in making such adjudication and ordering the imprisonment of the plaintiff until he should purge himself of the contempt.

But the plaintiff contends that if the plea alleges a justifica-

tion of the arrest and imprisonment of the plaintiff for contempt, it does not answer other trespasses to the plaintiff which he says are charged in his declaration. In answer to this, the defendant insists that what the plaintiff characterizes as " other trespasses," are only matters of aggravation, the gist of the cause of action set forth in the first and second counts, being false imprisonment, and that in the third count, being a simple assault. It is not necessary to decide which contention is correct in order to dispose of the case. In this plea, the defendant alleges that he " did no other act or thing " in the premises, except to adjudge the plaintiff to be in contempt of court and to order his commitment therefor until he should purge himself of it, as set forth in the plea. If it is assumed that other trespasses, as claimed by the plaintiff, are alleged in the declaration, then this plea taken as a whole, sets forth a justification as to the arrest and imprisonment, and argumentatively, if not directly, pleads the general issue as to such other alleged trespasses. 3 Chit. Pl. [1061] form 3 note c. This in *substance*, answers the entire declaration, and is sufficient under the general demurrer. The plea alleges that what occurred to the plaintiff subsequent to the making the adjudication of contempt and order of commitment, was done by the sheriff of Bennington county in executing the order of commitment.

If this officer in executing this order used more force than was necessary or otherwise assaulted the plaintiff, or detained and imprisoned him contrary to the order of the court, the defendant is not liable for such excess of force or abuse of authority on the part of the officer. A judicial officer is not liable for the acts of a ministerial officer in executing the lawful orders or valid process issued by such judicial officer as a court. In executing an order of this kind, the officer executing it is not the agent of such judicial officer, but is simply the hand of the law the same as in any other lawful, criminal proceeding. "A con-

tempt of court is an offence against the State, and not an offence against the judge, personally." Rapalje on Contempts s. 162.

*Judgment affirmed and cause remanded.*