## CITY OF MONTPELIER *vs.* TOWN OF ELMORE.

October Term, 1898.

Present: Ross, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed January 28, 1899.

*Pauper—Divorce.*—A divorced wife no longer takes the legal residence of the husband.

*Divorce—Parental Duty to Support.*—A decree of divorce, granted to a wife, with the care and custody of minor children, does not absolve the husband from his parental duty to support.

*Pauper—Divorce—Liability for Support of Child.*—When a question arises between towns, touching liability to support the minor children of divorced parties, if the custody has been decreed to the mother it is her residence that governs.

ASSUMPSIT. General issue. Trial by court in the city court of Montpelier. Judgment for the defendant. The plaintiff excepted.

*Lord & Carleton* for the plaintiff.

*G. M. Powers* for the defendant.

TYLER J. It appeared that at some time prior to the

September term, 1895, of Washington county court, Charles B. Batchelder, then residing in Montpelier, abandoned his family and ceased to contribute to their support, and that at that term his wife obtained a divorce from him with a decree for the care and custody of their minor son. The mother, with her son, continued to reside in Montpelier, and in the spring of 1897 applied to the overseer of the poor of that city for assistance in the support of the son, who was in need of relief. The overseer furnished the then necessary relief, and subsequently agreed with the mother to give her three dollars a week for her son's maintenance. The parents had lived in defendant town the four years next after April 1, 1877—during which time this son was born—and supported themselves, and never afterwards lived in any town for a period of three years. This action is brought to recover the amount furnished by the plaintiff city for such support.

The arguments have proceeded upon the ground that the assistance was furnished for the minor through the family of either the father or the mother. The plaintiff's counsel claim that the father continued to be the head of the family after the divorce, that the legal obligation rested upon him to support his son, and that as his residence was in defendant town, that town became chargeable for the pauper's support. The defendant contends that the mother, upon obtaining the divorce, became the head, and was the poor person in need of assistance for her family.

Under the former law relative to the settlement of paupers, the mother, upon obtaining the divorce, would have taken the settlement of her husband, but that law was repealed by the Act of 1886 which substituted "residing" for "lawfully settled." *New Haven* v. *Middlebury*, 63 Vt. 399: *Vershire* v. *Hyde Park*, 64 Vt. 638.

As the mother has resided in the plaintiff city since obtaining her divorce, that city was bound to provide assistance in the support of her son, unless the legal

obligation of the father to support him, continuing after the divorce was granted, fixed the son's residence with him.

The divorce and the decree giving the care and custody of the son to the mother did not absolve the father from his parental duty to support the son. It is a universal rule, that when a wife obtains a divorce from her husband on account of some breach by him of a marital duty, and has the custody and care of the minor children decreed to her, the father's obligation to support such children remains in force. If this were otherwise the father would by his own wrong escape the performance of a natural and legal duty. The court which grants the divorce and makes the orders has control of the case, and may from time to time make further orders upon the husband in respect to the maintenance of the minor children as their varying circumstances may require. This was so held in *Buckminster* v. *Buckminster*, 38 Vt. 248.

The fact that a wife obtains a bill of divorce from her husband and becomes a *feme sole*, precludes the idea of her longer taking his residence.

A decree for alimony, made when a bill of divorce is granted, to enable the mother to support the minor children, does not, nor do subsequent orders make for that purpose, depend upon the residence of either party to the divorce suit. But when the question of the liability to support the mother and children arises between towns, that question is determined by the fact of the mother's residence. After the divorce she takes a residence in her own right, and the minor children, whose custody has been decreed to her, take her residence.

In the present case, the custody of the son having been taken from the father and given to the mother, the latter became the head of the family, with her residence in the plaintiff city.

*Judgment affirmed.*