MARTIN C. WHEELER *v.* LILLA M. LOWELL.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed March 2, 1917.

*P. S. 3146—Notice of Application for Appointment of Guardian
—Father of Minor Child—Obligation to Support Minor
Children After Divorce and Custody Decreed to Mother.*

Where the parents of a minor child have been divorced, and the mother,
to whom has been decreed the custody of the child, applies to the
probate court for the appointment of a guardian over its property,
the father, resident in this State, is, under a fair construction of
P. S. 3146, entitled to notice and an opportunity to be heard on the
application.

A divorce and decreeing the custody of minor children to the mother
do not absolve the father from his parental duties and obligations
to his children, and he is still reasonably liable for their support
and education.

APPEAL FROM PROBATE. Heard at the September Term,
1916, Washington County, *Fish,* J., presiding. Judgment for
the plaintiff. Defendant excepted. The opinion states the facts.

*Theriault & Hunt* for the defendant.

The question of notice, here raised, is purely statutory and
involves no constitutional considerations. Gibson, Apt., 154 Mass.
378; *Waldron* v. *Woodman,* 58 N. H. 15; *Hanley* v. *Russell,* 63
N. H. 614.

The word "parent," as used in P. S. 3146, means the parent
who is the natural guardian and has the care and custody of the
person of the minor. *Ferguson* v. *Phoenix Mut. Life Ins. Co.,*
84 Vt. 350, 359.

The plaintiff did not stand as the natural guardian of the
minor, because, by the decree of divorce, the defendant was given
the care and custody of the child, and thereby became his natural
guardian, and the only parent authorized to act as such.

Schouler's Dom. Rel. (4th ed.) § 298; *Wilkinson* v. *Deming,* 80 Ill. 342; *People* v. *Small,* 237 Ill. 169.

When the county court, upon granting the divorce, decreed the custody of the minor to the defendant, its jurisdiction, attaching first, remained to the end. *Whittier* v. *McFarland,* 79 Vt. 363.

*Fred E. Gleason* and *Julius A. Willcox* for the plaintiff.

The "parent" who is entitled to notice of an application for guardianship under P. S. 3146, is the parent authorized to act as the guardian of his minor child. By P. S. 3144, the father is declared to be the guardian of such child for all purposes until another is appointed.

The authority of the probate court, in appointing a guardian depends upon its proceedings in strict conformity with the statute, and no notice having been given, the appointment here in question must be considered a nullity. *Mason's Guardian* v. *Mason,* 86 Vt. 279; *In re Allen,* 82 Vt. 365; *Corliss* v. *Corliss,* 8 Vt. 373; *Hendrick* v. *Cleaveland,* 2 Vt. 329.

In the appointment of guardians, of minors as well as of insane persons, the probate court is a court of special and limited jurisdiction. *Mason's Guardian* v. *Mason,* 86 Vt. 279; *Hendrick* v. *Cleaveland,* 2 Vt. 329; *Holden* v. *Scanlin,* 30 Vt. 177.

HASELTON, J. Martin C. Wheeler and Lilla M. Wheeler were husband and wife and had born to them a son Raymond A. Wheeler. November 14, 1913, Lilla M. Wheeler obtained from Martin C. a decree of absolute divorce. At that time the son Raymond was three years and some months old, and by the decree of the county court that granted the divorce, the care and custody of the person of the child Raymond were entrusted to the mother Lilla M. Wheeler, now Lilla M. Lowell. Shortly after the divorce on petition of the mother the probate court appointed her guardian of the property of the boy Raymond. The father had no notice of the application, nor of the appointment until more than a year after it had been made. During the time of these proceedings, now, and for sixty years last past, he has continuously resided in this State and in the probate district in which the guardianship proceedings were had. After learning of the appointment the father brought to the probate court that

had acted in the matter his petition setting up the above facts, and asking that the appointment be revoked and that the mother Lilla M. be summoned to appear and show cause why his petition in that behalf should not be granted. The parties duly appeared and a hearing was had. The petitionee conceded for the purposes of the hearing that the facts set up in the petition and above stated were true. It further appeared on the hearing that no order of notice to the father Martin C. Wheeler was applied for or directed to be given in the guardianship proceedings.

However, the petition to have the appointment revoked was dismissed by the probate court, and the petitioner took his appeal to the county court. That court held that for want of notice to the parent Martin C. Wheeler the guardianship proceedings should be set aside and decreed accordingly. The mother Lilla M. Lowell brings exceptions to this court.

Our statutes as to guardianship as they now read provide, among other things, that the probate court may on the application of a minor or his relative or friend appoint a guardian of such minor when the minor has a parent living and is the owner of estate, real or personal, but that, previous to the appointment, the parent, if he resides in the state, shall have notice and an opportunity to make objection. P. S. 3146, II. In another section it is provided that when a parent, authorized to act as guardian, is living and the appointment of a guardian is required, such parent, if approved by the court, may be appointed. P. S. 3148.

There is no question but that the mother of this boy was authorized to act as his guardian under appointment by the probate court, but since the father was living in this State he was entitled under a fair construction of the statute to notice and an opportunity to be heard notwithstanding the divorce. As is said in *Buckminster* v. *Buckminster*, 38 Vt. 248, 250, 88 Am. Dec. 652: "Divorce and decreeing the custody of minor children to the mother do not absolve the father from his parental duties and obligations to his children. He must still be reasonably liable for their support and education. They are his blood. It is not their fault that their parents have been divorced." This doctrine is reasserted in *Montpelier* v. *Elmore*, 71 Vt. 193, 44 Atl. 71.

The decree of the county court which granted the divorce gave the care and custody of the boy Raymond to his mother, but when application was made to the probate court for the

appointment of a guardian over his property, the paternal relation, which remained, entitled the father to be heard upon the question of who should act as such guardian, and the decree of the probate court appointing such guardian without notice to the resident father was properly set aside by the county court in the proceedings that directly attacked the decree. We do not undertake to construe the statutes in question any further than the disposition of the case requires.

*Judgment of the county court affirmed. Let the result be certified to the probate court.*