Town of St. Johnsbury *v.* Town of Sutton.

Special Term at St. Johnsbury, April, 1930.

Present: Powers, C. J., Slack, Moulton, and Thompson, JJ.

Opinion filed May 7, 1930.

452

*Pierce & Miles* for the defendant.

*Searles & Graves* for the plaintiff.

SLACK, J. This action is to recover for care and support furnished by the plaintiff to Martha Young and her five minor children between February 4, 1929, and May 11, 1929. On facts found by the court the plaintiff had judgment for the full amount of its claim, and the case is here on defendant's exceptions.

Among the findings material to the questions for review are these: Martha Young was formerly the wife of one Clayton Smith by whom she had four children born in 1912, 1914, 1916, and 1918, respectively. She obtained a divorce from Smith in October, 1925, and the following July married Albert J. Young, who is the father of her fifth child. This child was nine months old at the time of the trial below. Smith died in April, 1927. Young resided in the defendant town continuously from 1916 until December, 1927, and was "self-supporting and never received any aid prior to some time in 1924." In January, 1928, Young deserted his wife, and eventually went to Pennsylvania, where he has since lived so far as appeared. In November, 1928, Mrs. Young and the five children, at the

invitation of her brother-in-law, went to live with him in the plaintiff town. The following January he broke up housekeeping and she then called on the plaintiff for assistance. When Young deserted his wife "he left his family in destitute circumstances," to quote from the findings. The second Smith child is a paralytic, unable to do anything for herself, and has been in that condition ever since she was two and one-half years old. Mrs. Young has a similar affliction with one of her legs. When she applied to the plaintiff for assistance in January, 1929, she was in bad physical condition and was unable to take care of herself and her children, and has remained so ever since. Young owns a hill farm in the defendant town worth approximately seven hundred dollars, but his equity therein is not sufficient to warrant the plaintiff in attempting to reimburse itself therefrom.

■ The first exception is to the failure of the court to find, as requested, that so far as appeared Smith never acquired a pauper residence in the defendant town. Since it is neither found nor claimed that he did, it is not apparent how defendant was harmed by this omission.

The defendant requested the court to find, "That for all that appears from the evidence Albert J. Young has the pecuniary and financial ability to answer to the plaintiff town for the expenses and items mentioned in the plaintiff's specifications," and to make a like finding respecting the ability of Mrs. Young to reimburse the plaintiff, and to its failure so to do defendant excepted. Without referring to the evidence bearing on these questions in detail, it is enough to say that a careful examination thereof satisfies us that these requests were properly denied.

■ The defendant excepted to the finding that "since she (Mrs. Young) called upon the town of St. Johnsbury she has been a poor person in need of assistance." The record contains no such finding, and we will not search it in an attempt to discover something to which the exception may be presumed to apply.

The main question is whether in the circumstances the defendant is answerable to the plaintiff, in any event, for the care and support furnished by the latter on account of the Smith children. This question is raised by an exception to the judgment, which includes charges for such expenditures. The de-

fendant contends, in effect, that it is not liable for the support so furnished these children because neither they nor their mother had a residence in defendant town in their own right, because the residence the mother acquired on her marriage to Young by virtue of the provision of G. L. 4216 did not affect the residence status of the children, and because Young is not bound by law to support them. The plaintiff does not claim that either Mrs. Young or the children had acquired, in their own right, a residence in the defendant town, but it insists that since Young had, that town is liable for the support of the members of his family, and that his family includes these children.

In approaching the questions thus presented, it is well to have in mind what was said by Rowell, C. J. in *Morristown* v. *Hardwick*, 81 Vt. 31, 69 Atl. 152, namely, "It is well to note that in considering this question we cannot reason by analogy, nor draw inferences from general principles, for there are no equities between towns in respect of caring for and supporting paupers, and no common-law liability; but the whole matter is purely and strictly statutory, and where the statute imposes no liability there is none, and that is the end of it. This has always been the law of this State, and the law of England as well." So, too, the language of Haselton, J., in *Waitsfield* v. *Craftsbury*, 87 Vt. 406, 89 Atl. 466, 467, Ann. Cas 1916C, 387, is pertinent. He there says: "The law is solicitous and imperative that poor persons in any town, in need of assistance shall be relieved by such town, and the duty of its overseer to afford such relief arises and becomes ineludible whenever he receives information, however conveyed, that such relief is required. * * * * * But the right of such town to be reimbursed for its expenditures by some other town must necessarily be governed by arbitrary regulations." In support of the latter proposition, *Morristown* v. *Hardwick, supra; Craftsbury* v. *Greensboro*, 66 Vt. 585, 29 Atl. 1024, and *Worcester* v. *East Montpelier*, 61 Vt. 139, 17 Atl. 842, are cited.

So long as Smith lived he was chargeable with the support of these children. *Montpelier* v. *Elmore*, 71 Vt. 193, 44 Atl. 71, and, for aught that appeared, was entitled to and had, the custody of them. He died in April, 1927, about nine months after their mother married Young. What, then, became their status as to residence within the meaning of our pauper

law. They did not take their father's residence if he had one, which did not appear, *Fairfax* v. *Westford*, 67 Vt. 390, 31 Atl. 847; *Jericho* v. *Morristown*, 77 Vt. 367, 60 Atl. 233, nor had they or their mother gained one in their own right. And we agree with defendant that, the residence that the mother acquired by virtue of G. L. 4216 when she married Young did not alter or affect the residence status of these children. The reason for its enactment and the language of this statute refute any such idea. This Court held in *Jericho* v. *Morristown*, *supra*, decided in 1905, that a married woman who lived with her husband in a town where he last resided three years, etc., did not thereby gain a residence in her own right, nor derive one there from her husband, so as to make such town liable to another town in which she lived, for support furnished to her as a pauper after the death of her husband. At the next session of the Legislature what is now G. L. 4216 was enacted. It reads as follows: "A married woman who lived with her husband in a town where he last resided for three years, supporting himself and family, shall be deemed to have gained a residence in such town, and such town shall be liable for her support as a pauper." This statute apparently relates to the residence of the wife only, and such we hold to be its effect.

It remains to consider whether these children were members of Young's family within the meaning of G. L. 4219 and 4231. The language of the latter statute plainly indicates that the word "family" as used in our pauper law was intended to include only those persons whom the head of the family is bound by law to support. It is said in *Barnet* v. *Norton*, 90 Vt. 544, 99 Atl. 238, 239, that a woman who lives with her son-in-law is "in a certain and proper sense a member of his family," but it was held that he was under no legal obligation to support her, and therefore she was not a member of his family within the meaning of the statute. So, too, in *Manchester* v. *Rupert*, 6 Vt. 291, it was held that a man's daughter-in-law was not a member of his family within the meaning of the statute, since he was not bound by law to support her. Judge Phelps there said: "The term family, as here used, includes those only whom the pauper is under legal obligation to support. The statute requiring persons to support poor relations, relates to blood relations only, and not to relations by affinity. A man is not bound to support the children of his

wife by a former husband. The wife of the pauper's son is in the same situation.'' While what is there said respecting the obligation of a man to support a stepchild is obiter, we think it a correct statement of the law. We find nothing in our pauper laws, past or present, to warrant the conclusion that the word "family" as there used was intended to include others than a man's wife and such of his blood relation as he is bound by law to support.

In *Manchester* v. *Rupert, supra,* stepchildren and daughters-in-law are placed in the same class respecting the obligation to support, and we think rightfully so. There certainly is no distinction so far as blood relationship is concerned. While a man's moral obligation to support his stepchild may, or may not, be greater than that which he owes to his daughter-in-law or to his mother-in-law, depending upon the circumstances, his legal obligation for support is the same as to all. The plaintiff insists that Young is obliged by law to support these children by reason of Act No. 80 of the Laws of 1921, as amended by Act No. 52 of the Laws of 1925, which provide, in substance, that a parent who without lawful excuse, deserts or wilfully neglects to provide for the support and maintenance of his child or stepchild under the age of sixteen years, etc., shall be subject to fine or imprisonment or both. That may be so if he would avoid criminal prosecution, but it is only by implication, if at all, that this statute can be said to affect his civil liability for their support; and it is said in *Morristown* v. *Hardwick, supra,* that a statute cannnot be extended by implication beyond what is necessary to accomplish its purpose. This statute neither in express terms nor by necessary implication affects Young's civil liability for the support of these children, and since this is so the defendant is not required to reimburse the plaintiff for support furnished them by the latter.

The plaintiff is entitled to recover for the support furnished for Mrs. Young and the Young child, and since there is nothing before us from which the amount of this can be determined the case must go back for a new trial.

*Judgment reversed, and cause remanded.*