PIERRE NADEAU *v.* CHARLES E. MARCHESSAULT, SR.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1942.

*P. C. Warner,* City Attorney of the City of St. Albans, for defendant.

*Frederick W. Wakefield, Jr.,* for plaintiff.

MOULTON, C. J. The declaration alleges in substance that the plaintiff, who resided and was domiciled in the City of St. Albans, became incapacitated and unable to support himself and family; that he applied to the defendant, who was the overseer of the poor of the city, for assistance; and that the latter, knowing the need of the plaintiff and his family, "carelessly, negli-

gently and maliciously failed and refused to provide adequate food, shelter, clothing and medical aid to the plaintiff and his ·family." The defendant filed a demurrer which was overruled, subject to his exception.

■ The function of relieving the poor is properly governmental in its character and the overseer of the poor is not a general agent of the town or city, but is rather a public officer, since his authority is not delegated to him by the municipality but is conferred by law. *Holloway* v. *Town of Barton,* 53 Vt. 300, 301, 302; *Town of Waitsfield* v. *Town of Craftsbury,* 87 Vt. 406, 410, 89 Atl. 466, Ann. Cas. 1916C 387. It is his duty to provide for the immediate relief of all persons residing or found in the town when they fall into distress and stand in need of relief, and this duty arises and becomes ineludible whenever he receives information, however conveyed, that relief is sought. P. L. 3920. *Town of Waitsfield* v. *Town of Craftsbury,* 87 Vt. 406, 408, 89 Atl. 466, Ann. Cas. 1916C 387; *Town of Hardwick* v. *Town of Barnard,* 102 Vt. 330, 334, 148 Atl. 408; *Town of St. Johnsbury* v. *Town of Sutton,* 102 Vt. 451, 454, 150 Atl. 133; *Peabody* v. *Town of Holland,* 107 Vt. 237, 242, 178 Atl. 888, 98 A. L. R. 866; *Town of Marshfield* v. *Town of Cabot,* 107 Vt. 409, 415, 180 Atl. 897; *Town of Manchester* v. *Town of Townshend,* 110 Vt. 136, 142, 2 Atl. 2d. 207.

■■ But the function that an overseer performs in the discharge of this duty is not ministerial but judicial in nature, because it involves an inquiry of fact and the exercise of judgment and discretion upon the case presented. *State* v. *Howard,* 83 Vt. 6, 14, 74 Atl. 392; *Davidson* v. *Whitehill,* 87 Vt. 499, 505, 89 Atl. 1081. Under our pauper law an overseer is authorized to determine whether he will furnish relief and whether the facts make the case proper for him to do so. *Holloway* v. *Town of Barton,* 53 Vt. 300, 301, 302. "In determining whether a person is poor and in need of assistance, and also as to what is necessary for his relief as a poor person, an overseer must exercise a sound discretion." *Town of Ripton* v. *Town of Brandon,* 80 Vt. 234, 241, 67 Atl. 541, 544.

■ Where a public officer performs a judicial function involving the exercise of judgment and discretion, and acts within the limits of his authority, he is not liable for negligence in the execution of his duty at the suit of a private individual claiming

to have been injured thereby. *Barry* v. *Smith,* 191 Mass. 78, 88, 77 N. E. 1099, 5 L. R. A. (N. S.) 1028, 6 Ann. Cas. 817; *Tyrell* v. *Burke,* 110 N. J. L. 225, 164 Atl. 586, 587.

There are cases to the effect that to avoid liability the officer must act without malice. Among them are: *Yealy* v. *Fink,* 43 Pa. 212, 82 Am. Dec. 556, 558; *Stewart* v. *Southard,* 17 Ohio 402, 49 Am. Dec. 463, 464; *Donahoe* v. *Richards,* 38 Me. 379, 61 Am. Dec. 256; *Williams* v. *Weaver,* 75 N. Y. 30, 34; *McCormick* v. *Burt,* 95 Ill. 263, 35 Am. Rep. 163, 165; *Wadsworth* v. *Town of Middletown et al.,* 94 Conn. 435, 109 Atl. 246, 248. None of our own decisions have specifically passed upon this question. In *First Universalist Society* v. *Leach,* 35 Vt. 108, 113, 114, it was held that it was the duty of the selectmen of a town, when performing a judicial function in distributing the rents of lands granted to the use of the ministry among the several religious societies therein in proportion to their respective memberships, to act in good faith and with reasonable diligence and that they were not liable for an error of judgment. In *Gregory* v. *Bugbee,* 42 Vt. 480, 484, it was said that if the listers of a town performed duties of a judicial nature and acted and adjudged in good faith they would be immune from liability for a wrongful act, but the case was decided upon another point. In *Davis* v. *Strong,* 31 Vt. 332, 336, an action against the defendants as listers for unlawfully assessing taxes against the plaintiff, when he was not an inhabitant of the town and had no property therein, it was held that the listers had acted judicially in a matter involving discretion and judgment and "should be protected in all honest, bona fide, judicial acts, upon the same principle and for the same reasons for which judicial officers are protected." The protection afforded judicial officers is defined in *Banister* v. *Wakeman,* 64 Vt. 203, 207, 208, 23 Atl. 585, 586, 15 L. R. A. 201. This was an action in which the declaration alleged that the defendant, a justice of the peace, before whom the plaintiff was tried upon a criminal complaint, with intent to injure the plaintiff, wilfully and maliciously refused to hear witnesses or evidence favorable to him, and wilfully and maliciously convicted him of the offense of which he was not guilty and ordered him to pay a fine and costs. On demurrer it was held that "a judicial officer acting within his jurisdiction and in a judicial capacity, is not liable in a private action for his judicial

acts'' and ''this exemption of judges from civil liability is not affected by the motives or intent with which their judicial acts are performed. The purity of their motives and conduct can not in this way be made the subject of judicial inquiry.'' See, also, *Rudd* v. *Darling*, 64 Vt. 456, 460, 25 Atl. 479; *Randall* v. *Brigham*, 7 Wall. 523, 74 U. S. 523, 19 L. Ed. 285, 291.

█ █ There is ample authority for the principle that where a judicial act is within the general authority of a public officer the motive underlying its performance cannot be made the subject of inquiry in a private suit against him. ''The public interest that public officers shall be 'free and fearless' in the exercise of their judicial duties makes it of immaterial bearing on their liability for their judicial acts whether or not they act from good motives.'' *Sweeney* v. *Young*, 82 N. H. 159, 131 Atl. 155, 158, 42 A. L. R. 757; *Spalding* v. *Vilas*, 161 U. S. 483, 498, 499, 16 Sup. Ct. 631, 40 L. Ed. 780, 785, 786; *Yaselli* v. *Goff*, 12 Fed. 2d. 396, 56 A. L. R. 1239, 1244 et seq., aff. 275 U. S. 503, 48 Sup. Ct. 155, 72 L. Ed. 395; *Cooper* v. *O'Connor*, 69 App. D. C. 100, 99 Fed. 2d. 135, 118 A. L. R. 1440, 1445, cert. den. 305 U. S. 643, 59 Sup. Ct. 146, 83 L. Ed. 414; *Block* v. *Sassman*, 26 Fed. Supp. 105, 106. Public policy requires that public officers shall be permitted to perform their discretionary duties without fear of being harrassed by suits for damages claimed to arise by reason of their improper motives. See cases above cited. ''Otherwise,'' it is said in *DeArnaud* v. *Ainsworth*, 24 App. D. C. 167, 178, 5 L. R. A. (N. S.) 163, 170, ''the perfect freedom which ought to exist in discharge of public duty might be seriously restrained, and often to the detriment of the public service.''

█ We approve and adopt this doctrine as applicable in the present case. Any criminal responsibility of an officer for the failure to perform his statutory duties or for the improper performance of them, is, of course, another matter with which we have nothing to do here. It follows that the declaration does not allege a cause of action, and the demurrer is well taken.

It is not necessary to consider the exception to the denial of the defendant's motion to dismiss the action.

*Judgment reversed and judgment for the defendant to recover his costs.*