**Alfred ZERA**

**v.**

**Robert I. TEPPER et al.**

**Civ. A. No. 6529.**

United States District Court,
D. Vermont.

Dec. 13, 1972.

**964**

J. Morris Clark, Burlington, Vt., for plaintiff.

John J. Welch, Rutland, Vt., for defendant McClellan.

Lawrence Miller, Rutland, Vt., for defendants Tepper and McCaffrey.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

On October 18, 1972, this Court ordered dismissal of plaintiff's Civil Rights damages action against Edward McClellan, a Vermont District Court Judge, and Robert Tepper, a Vermont State's Attorney, finding them immune from this suit. That same day plaintiff filed a second memorandum of law in support of his amended complaint. The memorandum arrived too late to be considered by the Court before it issued its order.

Later, on October 26th, plaintiff filed a motion to alter judgment, urging that authority contained in the second memorandum indicates that neither Judge McClellan nor State's Attorney Tepper enjoy immunity in this case. The cases cited by plaintiff do not persuade us to alter our view of this question.

Plaintiff relies on Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969) for the proposition that "A claim for false imprisonment may be brought under the Civil Rights Act, even without a showing of malice or ill will." This may be true as applied under the facts of the *Whirl* case to a sheriff, who has a duty to effect the reasonably prompt release of a prisoner whose release has been ordered by the court. It does not apply to a judge, in the light of the holding in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967), that a judge is immune from suit for actions taken within his jurisdiction.

Plaintiff cites four early Vermont cases as indicating that "a judicial person who imprisons an individual by the use of·process which is legally void does so outside his jurisdiction," and thus is not protected by Pierson v. Ray. None of these cases holds that a judge may be held liable for acts committed under circumstances remotely similar to those presented in this case. Rather, they relate to ministerial acts of justices of the peace acting in excess of their jurisdiction by way of void process. Goodell v. Tower, 77 Vt. 61, 58 A. 790 (1904). To the same effect is Morrill v. Thurston, 46 Vt. 732 (1874). Carleton v. Taylor, 50 Vt. 220 (1877), was an action against a creditor on a fraudulently procured bankruptcy adjudication.

On the subject of judicial immunity, the law of Vermont is entirely consonant with the doctrine of Pierson v. Ray, supra. "A judicial officer, acting within his jurisdiction and in a judicial capacity, is not liable in a private action for his judicial acts. . . . This exemption of judges from civil liability is not affected by the motives or intent with which their judicial acts are performed. The purity of their motives and conduct cannot in this way be the subject of judicial inquiry." Banister v. Wake-

man, 64 Vt. 203, 207–208, 23 A. 585, 586–587 (1891).

The protection is not restricted to judges. It safeguards the official acts of other public officers in the performance of duties judicial in nature. Nadeau v. Marchessault, 112 Vt. 309, 24 A.2d 352 (1942). The duties imposed upon the office of State's Attorney under 24 V.S.A. § 361 are judicial in nature. He is immune from civil liability for acts done in performance of his official duties. Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 1239, 1250 (2d Cir. 1926), aff'd. 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); Dacey v. New York County Lawyers' Association, 423 F.2d 188, 192 (2d Cir. 1969).

Plaintiff's motion to alter judgment is denied.